EASTERN DIST.
December, 1840.

LIZARDI ET AL.
vs.
ARTHUR & FUL-
TON.

=====

## LIZARDI ET AL. vs. ARTHUR & FULTON.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where defendants' witnesses failed to appear on being attached, and the counsel asked for time to send for his clients that they might make the necessary oath for a continuance, and tendered his own affidavit; all of which was objected to and declined. *Held*, that the continuance was properly refused.

Where the party, whose witnesses fail to attend, is necessarily absent from the state, the affidavit of his attorney for a continuance may suffice, although his knowledge of the facts sworn to, is derivative.

EASTERN DIST.
*December,* 1840.

LIZARDI ET AL.
*vs.*
ARTHUR & FUL-
TON.

This is an action against the makers and endorsers of a promissory note duly protested for non-payment.

Arthur, one of the defendants, who was arrested, made a special defence. The others pleaded the general issue.

On the trial, defendants' witnesses were called, and not being present, attachments issued. Towards 3 o'clock the witnesses not appearing, defendants' attorney moved for time to send for his clients; stating they could probably be found at their counting-house in the city, and might make affidavit of the materiality of the testimony of the witnesses on which to ground a motion for a continuance of the cause. This was opposed by the plaintiffs' counsel, as the party was bound to be in court at his peril. The defendants' attorney then tendered his own affidavit; and moved for a *continuance on account of the absence of the witnesses;* stating the materiality of their testimony, as having been communicated to him by one of his clients. These motions were severally overruled, and the defendants' counsel except-ed to the opinion of the court. The trial proceeded, and there was judgment for the plaintiff. The defendants appealed.

*T. Slidell,* for the plaintiffs.

*W. S. Upton,* for the defendants and appellants.

*Morphy, J.,* delivered the opinion of the court.

The defendants complain that an application for a contin-uance made by their counsel, was improperly overruled. From the bill of exceptions taken to the judge's opinion, it
Where de-
fendants' wit-
nesses failed to
appear on being
attached, and the
counsel asked
for time to send
for his clients,
that they might
make the neces-
sary oath for a
continuance, and
tendered his
own affidavit, all
appears that certain witnesses, summoned in the cause, having failed to attend, they were ordered to be attached. At about 3 o'clock, P. M., the return of the sheriff was, that they could not be found; thereupon, the counsel moved for time to send for defendants, that they might make their oath as to the materiality of the testimony of said witnesses. This was refused, on the ground that parties are bound to be in court at their own peril. The counsel then tendered his own

affidavit, and rested on it his application for a continuance. It was, in our opinion, properly refused. The affiant does not swear (even to the best of his knowledge and belief) that he expects to prove the facts set forth in his affidavit; but that he is informed, and was told by his clients that the witnesses would prove such facts. Had the defendants been absent from the state under circumstances not suspicious, the counsel's knowledge of the facts, although derivative, might perhaps have been considered sufficient; as we have held in *Penne* vs. *Tourné*, 2 *Louisiana Reports*, 463; but they being in the city, and their absence from the court house unaccounted for, an affidavit of this kind was clearly inadmissible. But the counsel for the appellants insists that this affidavit was wholly unnecessary, because not called for by the adverse party, pursuant to *article* 466 of the *Code of Practice*; and that *article 464*, entitled him to a continuance without it. Whether called for or not, the affidavit was no doubt made from a sense of its necessity at the time, but the counsel we think is mistaken, when he imagines that under the latter article of the Code, it was not incumbent on him to make any showing at all in support of his application. It requires of the party who wishes a continuance, to prove that he has not been able to procure the *necessary evidence, &c.*; the party, then, or his attorney, must be ready to satisfy the court of the necessity and materiality of the evidence wanted, by disclosing the facts expected to be proved. Where the process of attachment had proved ineffectual, the defendants were to have entitled themselves to a continuance by the same affidavit which would have been required of them, had no such process issued. *Code of Practice, articles* 464 and 471; 12 *Louisiana Reports*, 256. The right to obtain continuances are of primary importance to a correct administration of justice, but it is not unfrequently very much abused; for this reason it is that some discretion is left to the court, who, while they protect parties in the fair exercise of this right, should be vigilant in preventing its abuse. The inferior courts have better opportunities than we can possess of distinguishing the cases where the purposes of justice required

EASTERN DIST.
*December*, 1840.

LIZARDI ET AL.
*vs.*
ARTHUR & FULTON.

of which was objected to and declined: *Held,* that the continuance was properly refused.
Where the party, whose witnesses fail to attend, is necessarily absent from the state, the affidavit of his attorney for a continuance may suffice, although his knowledge of the facts sworn to, is derivative.

a continuance from them, where a party seeks only delay and procrastination. With their decisions in questions of this kind we will not interfere, unless they be clearly erroneous.

It is, therefore, ordered and adjudged, that the judgment of the District Court be affirmed, with costs.