No. 2092.—WILLIAM R. WIMBISH v. JOSEPH J. WADE and C. E.
PERCY.

Where a party has purchased a tract of land and executed his promissory note for the price, and
    afterwards takes up the note by giving his draft for the payment thereof with full knowl-
    edge of the condition of his title, he cannot set up in defense to a suit against him as
    drawer of the draft that the title to the land is defective or imperfect. The attorney of
    record is not competent to make the necessary affidavit to obtain a trial by jury in a suit on
    a promissory note, where it is shown that the party resides in the parish and is within the
    limits of the parish at the time.

APPEAL from the Seventh District Court, Parish of West Feliciana.
    *Miller, J.* Samuel J. Powell, for appellant. *Winter & Butler*, for
appellees.

WYLY, J. Plaintiff sued the drawer of a draft, Joseph J. Wade, and
the endorser thereof, Charles E. Percy, after the same had been dishon-
ored by the drawees and duly protested.

The defendant, Percy, pleaded the general issue.

The defendant, Wade, after making a general denial, averred "that
the draft sued on was given the payee thereof, Charles E. Percy, on ac-
count of certain notes of this respondent in the purchase from him of a
certain tract of land in the parish of West Feliciana. * * That at
the time of said sale said Percy was and still is without title to the
whole or a portion of said land, and that in said act of sale it was ex-
pressly stipulated that this respondent should have the right to with-
hold payment of said notes until his titles to said land should be made
perfect and complete; that said draft was given with the express under-
standing that said titles were to be completed and perfected, which
have never been done by said Percy, nor is it now within his power to
do so; that by reason of the premises the consideration of said draft,
if it ever had any, has utterly and entirely failed. That plaintiff, W.
R. Wimbish, was well aware at the time he received said draft from
said Percy, of the consideration thereof, as above set forth; of the stip-
ulations contained in said act of sale, and that said Percy had never
completed the titles of respondent, as he was bound to do, and took
the same subject to all the equitable and legal defenses respondent
might urge against it. That if he was ever liable on said draft, which
is still denied, he has been discharged from all such liability by the
laches of the holder."

On the trial there was judgment for plaintiff against the defendant,
Percy, the endorser of the draft, and plaintiff's action was dismissed as
to the defendant, Wade, the drawer of the draft. Plaintiff has ap-
pealed.

It appears that James R. Wimbish sold a tract of land to Charles E.
Percy, the titles to which were not complete, and that Percy retained
part of the price till the titles might be perfected; it also appears that

the said Percy afterwards sold this land to the defendant, Wade, with the stipulation that Wade was to have the privilege of retaining the price till the titles to him were perfected; it also appears that Percy instituted suit against the plaintiff as administrator of the succession of James R. Wimbish, who had died in the mean time, to compel the said administrator to complete the title, and the Court ordered the transfer of the title to be made upon Percy paying him a certain sum, being the balance due by said Percy to said vendor. Wade then came forward and offered to pay this sum to aid in perfecting the titles. He gave his note to Percy for the required amount, and Percy endorsed it and transferred it to plaintiff, and thereupon received the deed perfecting the title from the estate of James R. Wimbish. The defendant Wade subsequently gave the draft sued on in lieu of the note making it payable to Percy, and Percy immediately endorsing it over to plaintiff.

The draft was protested for non-payment, and proper notice given to both Percy and Wade. We have carefully considered the evidence, and are of opinion that the district judge erred in dismissing plaintiff's action as to Wade. We think he should be held liable as drawer of the draft. It is true in purchasing the land from Percy he reserved the privilege of retaining the price till his titles might be perfected; and it is true that the plaintiff was aware of the defects in the title. But still it appears that in pursuance of an order of court, the plaintiff, as administrator of the succession of James R. Wimbish, perfected the titles by a deed to Percy, the vendor of Wade, and accepted from Percy the note of Wade for the balance due said estate.

Wade subsequently took up this note and gave his draft in lieu thereof, with a full knowledge of the titles and of the defects therein, if such existed. If he had the privilege of retaining the price till the titles were completed, we presume when he gave the draft sued on he considered his titles satisfactory. It matters not what defects there may be in the titles, or what reservations he may have made in the deed from Percy, the defendant Wade voluntarily came forward and assumed the indebtedness of his vendor on the land by giving his note; he afterwards, with full knowledge of the condition of his titles, took up this note and drew the draft sued upon. That conditional obligation has been regularly converted into an unconditional one by proper service of the notice of dishonor upon the drawer, Wade, and we think he should be held liable.

The objection that the district judge erred in rejecting the application for trial by jury because the affidavit was made by Wade's attorney instead of Wade, who was in the parish at the time, but absent from the Court House, is not well founded; the defendant Wade should have been at the Court House on the day fixed for the trial; he absented himself at his peril. The affidavit made by his counsel is not a compliance with the law. 9 An. 129; 16 La. 577.

It is therefore ordered that the judgment appealed from be affirmed as to the defendant Charles E. Percy and that it be avoided and annulled as to the defendant Joseph J. Wade; and it is now ordered that plaintiff recover judgment against him in solido with the defendant Percy; that the costs of this appeal be paid by the defendant Wade and the costs of the lower court be paid by the defendants in solido.