HALL, Judge.
In this suit brought by James William Davis against his wife, Betty Cotten Davis, plaintiff seeks a divorce on the grounds of adultery and, alternatively, a separation from bed and board on the grounds of cruel treatment. Defendant reconvened praying for a divorce on the grounds of adultery and, alternatively, for a separation from bed and board on the grounds of abandonment. Both parties seek custody of the minor child born of the marriage and defendant seeks alimony for the support of herself and her minor child.
After trial on the merits the trial court found that both parties were guilty of adultery and that both parties were at fault and to blame in an equal degree. On the basis of mutual fault the trial court rejected the demands of plaintiff and the recon-ventional demands of defendant. Plaintiff appealed and defendant answered the appeal. For reasons hereinafter expressed, we affirm the judgment of the trial court.
On appeal plaintiff urges that he proved the adulterous conduct of his wife, that she failed to prove adultery on his part and that the case is not a proper one for application of the mutual fault doctrine. Defendant, on the other hand, urges that the trial court was correct in finding mutual fault but that the trial court erred in not granting her a separation because of plaintiff ordering her from the matrimonial domicile without justification, which amounted to an abandonment by plaintiff.
The evidence reveals that the pattern of living followed by the Davises involved almost daily drinking and partying and frequent fussing and fighting. During the months leading up to their separation the Davises were often with another married couple, David and Sue Seffens, and an unmarried friend, David “Petey” English.
Plaintiff alleged and attempted to prove that defendant committed adultery on at least one specific occasion with David Seffens and on at least one specific occasion with David English. Plaintiff called both Seffens and English as witnesses and both freely testified they had sexual *140 intercourse with Mrs. Davis on several occasions. Their testimony is denied by defendant and is not corroborated by any other competent evidence of probative value. It should be noted that both Seffens and English, at the time of the alleged acts of adultery, were close friends of the plaintiff and the records reflect that their friendship continued through the trial of this case. It is the settled jurisprudence of this state that while a corespondent is not disqualified by law from testifying with reference to his intimacies with the allegedly erring spouse, the statements made by him must not only be corroborated but must be received and weighed with great caution before being accepted as true. Lejeune v. Lejeune, 187 La. 339, 174 So. 643 (1937); Mouille v. Schutten, 190 La. 841, 183 So. 191 (1938); Clark v. Clark, 207 La. 606, 21 So.2d 758 (1945); Olivier v. Abunza, 226 La. 456, 76 So.2d 528 (1954); Karl v. Karl, 191 So.2d 674 (La.App.2d Cir. 1966). The trial judge in this case commented that these witnesses “had veered so far from the way of living that common decency would demand that this court is skeptical of them . . . and can pay little heed to anything they have said.” Plaintiff’s allegations of adultery against defendant must stand or fall on the testimony of the two accomplices. We find this evidence insufficient to meet the burden of proof of adultery borne by plaintiff in this case.
Defendant alleged adultery on the part of plaintiff with Sue Seffens and with an unidentified female on another occasion at the matrimonial domicile. Defendant testified as to her own suspicions that something was going on between plaintiff and Mrs. Seffens and to her own observations of her husband being overly attentive to Mrs. Seffens on various occasions. There was some evidence that plaintiff spent an unusual amount of time at the Seffens’ home but the record is devoid of any direct or even circumstantial evidence of actual adultery.
The evidence relating to the alleged incident at the matrimonial domicile consisted of the testimony of a maid who worked for the Davises. The maid found plaintiff, Petey English, and an unidentified female at the Davis’ home one morning while Mrs. Davis was out of town. Other details of the maid’s testimony strongly suggest improper conduct at the Davis’ home on this occasion but the presence of Petey English raises the reasonable hypothesis that he and not Mr. Davis was a participant. Mr. Davis denied the allegations of adultery on this occasion. Again, we find the evidence insufficient to meet defendant’s burden of proof of adultery on the part of plaintiff.
On the question of whether either party is entitled to a separation from bed and board, we find, taking the testimony as a whole, that both spouses were guilty of conduct contributing equally to the degeneration of their marriage. When both parties are mutually guilty and at fault in causing the separation, relief will not be granted to either litigant. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952).
For the reasons assigned, the judgment of the lower court is affirmed. Costs of this appeal are assessed against both parties to be paid out of community assets.
Affirmed.