HALL, Judge.
The district court awarded the plaintiff wife a separation from the defendant husband on the grounds of abandonment. The husband appeals, contending the trial court erred in awarding judgment in favor of the wife and praying that he be awarded a judgment of separation on the grounds of abandonment on his reconventional demand, or alternatively, the demands of both parties be rejected because of mutual fault.
The testimony at the trial was not transcribed. The record contains a narrative of facts signed by the district judge.
Plaintiff and defendant had their matrimonial domicile in Bossier City. Defendant began working in Campti. Sometime ,in early August, 1973, he actually moved to Campti. At about the same time, plaintiff moved to an apartment in Bossier City and was assisted in moving by her husband. They have not lived together since that time and have had little or no communication with each other since that time.
The essence of defendant’s testimony as revealed by the narrative of facts, as amended, is that he did not ask his wife to move with him to Campti as he felt it would be a futile attempt. He made no attempt to return to live with his wife after moving to Campti. He would be willing to make a go of the marriage if given another opportunity.
The essence of the wife’s testimony is that she began searching for an apartment when her husband abandoned her. He advised her to get an apartment and helped her to move into it. He did not return home after August, 1973. She was under the impression when he left in August that he had abandoned her. She would not try to make a go of the marriage now because she knows her husband does not love her and would not be in good faith.
The narrative of facts reveals the trial judge stated in his oral opinion that in every separation there is probably some fault on the part of both parties, but the evidence shows the defendant abandoned the matrimonial domicile without lawful cause.
LSA-C.C. Art. 143 provides for a separation grounded on abandonment when one of the parties has withdrawn from the common dwelling, without a lawful cause, and has constantly refused to return to live with the other.
The resolution of this case depends primarily on an evaluation of the testimony of the plaintiff and the defendant. The trial judge accepted the testimony of plaintiff that her husband abandoned her. This testimony is supported by the undisputed facts that the husband did move from the common dwelling, never returned, and did not ask his' wife to come live with him.
The trial judge’s evaluation of the testimony is entitled to great weight and based *252 on this court’s review of the narrative of facts there does not appear to be manifest error either of fact or of law.
Appellant argues that the record shows the district court found mutual fault and, in effect, the district court rendered a “no fault” separation decree simply because it was obvious the parties were not going to get back together. While there may have been some fault on the part of both parties, as is often the case, the record does not reveal fault on the part of the wife amounting to lawful cause for the husband’s abandonment of her.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.