304 So.2d 869 (1974)
Kathie Cason LOFTIN, Plaintiff-Appellee,
v.
Charles Ellis LOFTIN, Jr., Defendant-Appellant.
No. 12484.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Donald G. Kelly, Natchitoches, for appellant.
*870 Bethard & Bethard, by Henry W. Bethard, III, Coushatta, for appellee.
Before BOLIN, PRICE and DENNIS, JJ.
PRICE, Judge.
Kathie Cason Loftin brought this action seeking a separation from bed and board from her husband, Charles Ellis Loftin, Jr., alleging various acts of cruel treatment on his part and the abandonment by defendant of the matrimonial domicile. Defendant answered denying plaintiff's allegations of cruel treatment and filed a reconventional demand requesting a separation in his favor alleging acts of cruel treatment on the part of plaintiff.
Various ancillary demands of plaintiff were tried by rule prior to the merits of the case, resulting in an award to her of the custody of the two minor children and the sum of $300.00 per month for alimony pendente lite and child support. Additionally, defendant was ordered to pay all medical expenses of the children.
After trial on the merits plaintiff was awarded a separation on the grounds of abandonment and the award of custody, support and alimony was continued in effect as initially determined on rule.
Defendant has appealed, urging the trial court was in error in granting plaintiff a separation as the evidence shows they were equally at fault in the matrimonial discord which led to defendant leaving the matrimonial domicile. He also contends the trial court abused its discretion in the award of $300.00, plus medical expenses for alimony pendente lite and child support.
We do not deem it necessary to review the testimony in detail concerning the private matrimonial affairs of this young couple. We think it is a fair summation of the evidence to observe that these parties had a considerable number of disagreements and at times verbally abused each other. There are mutual allegations of a few instances of physical abuse but the evidence does not show clearly that either party resorted to any excessive physical abuse of the other.
We are of the opinion the trial judge was correct in finding that the action of the defendant in leaving the matrimonial domicile on January 25, 1974, constituted an abandonment of plaintiff without legal cause. The evidence shows plaintiff returned on this date from an extended stay with one of the children who had been hospitalized for an illness. Defendant admits telling his wife he was leaving and taking all of his belongings with him on this date. According to her testimony he declared he was tired of being married and being told what to do.
Defendant cites and relies on the decision of this court in Davis v. Davis, 258 So.2d 138 (La.App. 2nd Cir. 1972) in arguing the evidence of mutual fault causing a degeneration of the marriage, precludes plaintiff from obtaining a separation on the abandonment of the husband. We do not find the facts and circumstances of Davis at all analogous to this case. The conduct of the parties in Davis was far more serious than that shown here and involved allegations of repeated immorality by both parties.
Although the participants in this action developed an atmosphere of friction and unpleasantness between themselves which made living together difficult, this in itself was not sufficient to justify one party leaving the domicile without placing himself in jeopardy of being charged with abandonment.
Defendant contends the amount determined by the trial judge for alimony pendente lite and child support is excessive to the extent of being an abuse of discretion. The sole evidence in the record on this issue is an affidavit of the plaintiff showing her income, needs and expenses for herself and the children and an affidavit of defendant showing his net earnings and monthly expenses. Apparently there was *871 testimony given in explanation of these matters on trial of the rule but appellant has not caused a transcription of the evidence, nor has any narration of facts been submitted in lieu thereof.
Defendant argues in brief certain changes in plaintiff's living conditions have occurred since the trial of the rule which would lessen her expenses for housing utilities. However, there is no evidence in the record to support this argument. Her needs and expenses were shown by the itemized affidavits to be $455.00 per month. She had no income as she was unemployed.
Defendant had gross earnings of $816.00 per month. He has itemized many deductions and personal living expenses which absorb substantially all of his monthly income. As we are not able to review the examination of defendant on the various items he claims as limiting his ability to pay, we cannot say the trial judge was in error in determining alimony and child support.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.