324 So.2d 622 (1975)
Jesse L. BURNETT, Jr., Plaintiff-Appellant,
v.
Mary Elizabeth Franklin BURNETT, Defendant-Appellant.
No. 12747.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
*623 Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for plaintiff-appellant.
Eatman & Hunter by Robert E. Eatman, Shreveport, for defendant-appellant.
Before HALL, DENNIS and BURGESS, JJ.
HALL, Judge.
The plaintiff-husband filed suit against the defendant-wife for separation from bed and board on the grounds of cruel treatment. The wife reconvened for a separation on the grounds of cruel treatment and abandonment. After trial the district court ruled that neither party had sustained the burden of proof and rejected the demands of both parties. Both parties appealed.
The parties were married in 1950. After more than twenty years of marriage, with their children grown or about grown, their marriage deteriorated drastically during 1974 with the husband moving out in September. One of the husband's main complaints was that the wife chose to sleep in a separate bedroom and refused to have sexual relations with him. He had numerous other complaints such as his wife accusing him of affairs with other women, not being grateful for a coat his secretary helped pick out, and similar instances. The wife admitted sleeping in a separate bedroom but said this was because her husband had lost interest in her, had lost his sex drive and showed no affection. Her suspicions about other women were based primarily on the fact that her husband did not want to have sex with her. The husband explained his lack of ability to have sexual relations for a time was due to temporary impotency caused by medication he was taking.
The husband testified he finally moved out, that under the circumstances he no longer loved his wife, and he wanted the marriage terminated. The wife testified she wanted her husband back and wanted to resume the marriage relationship.
The trial judge's comments, which were dictated into the record at the conclusion of the trial and after oral argument, are perceptive, thoughtful, and accurately summarize the evidence. He found the wife had some reason to choose separate bedrooms because of her husband's loss of sex drive and lack of affection. He found the husband had some reason to leave home because of the situation, but not enough reason to justify a judgment of separation in his favor. He stated he was not going to call it mutual fault although he could. The judge commented that most marriages *624 reach a stage where the going gets roughit has to do with aging, sometimes with drinking, sometimes with medical problems, and if both parties had been more patient their problems probably could have been worked out. The court found no fault on either side and denied both demands.
This court is in agreement with the trial court's conclusion that the parties each failed to prove cruel treatment on the part of the other of such a nature as to render their living together insupportable as required under LSA-C.C. Art. 138. It is true that "conduct may be the very refinement of cruelty, without either force or blows." Olberding v. Gohres, 107 La. 715, 31 So. 1028 (1902). Still, the evidence in this case does not establish "unjustifiable conduct on the part of either husband or wife which so greviously wounds the mental feelings of the other, or such as in any other manner utterly destroys the legitimate ends and objects of matrimony." Krauss v. Krauss, 163 La. 218, 111 So. 683 (1927). The respective demands for separation grounded on cruel treatment were properly denied.
Contrary to the trial court, however, it is the opinion of this court that the wife is entitled to a separation from bed and board on the grounds of abandonment under LSA-C.C. Art. 143. The husband voluntarily and purposely withdrew from the common dwelling with the intention of terminating the marriage. While he had some reasons for doing so, the reasons did not constitute "a lawful cause."
The mere fact that there is a lack of affection between the husband and wife does not give one of them cause to abandon the other. Kleinpeter v. McCulloh, 312 So.2d 146 (La.App.1st Cir. 1975). As was noted in Loftin v. Loftin, 304 So.2d 869 (La.App.2d Cir. 1974):
"Although the participants in this action developed an atmosphere of friction and unpleasantness between themselves which made living together difficult, this in itself was not sufficient to justify one party leaving the domicile without placing himself in jeopardy of being charged with abandonment."
Such fault on the part of the wife as was proven in this cause does not amount to "lawful cause" for the husband's withdrawal from the matrimonial domicile. She is entitled to a separation on the grounds of abandonment.
For the reasons assigned, that part of the judgment of the district court denying the parties' demands for a separation on the grounds of cruel treatment is affirmed. That part of the judgment denying the wife's prayer for a separation on the grounds of abandonment is reversed.
It is ordered, adjudged and decreed, that there be judgment in favor of plaintiff-in-reconvention, Mary Elizabeth Franklin Burnett, and against defendant-in-reconvention, Jesse L. Burnett, Jr., granting a separation from bed and board between the said parties. All costs, including the cost of appeal, are assessed against the defendant-in-reconvention.
Affirmed in part and reversed in part.
DENNIS, J., concurs.