335 So.2d 707 (1976)
Bonnie M. HATCH, Plaintiff-Appellee,
v.
Urzula Cloud HATCH, Defendant-Appellant.
No. 12954.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Writ Refused October 22, 1976.
Whitten and Blake by Leon H. Whitten, and Baker, Culpepper & Brunson, by Bobby L. Culpepper, Jonesboro, for appellant.
Martin S. Sanders, Jr., Winnfield, for appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
HALL, Judge.
The plaintiff-husband, Bonnie M. Hatch, filed suit against the defendant-wife, Urzula Cloud Hatch, seeking a separation from bed and board on the grounds of abandonment, alleging that defendant abandoned the matrimonial domicile on January *708 29, 1974. Defendant answered generally denying the allegations of plaintiff's petition and by reconventional demand sought a separation from bed and board on the grounds of cruel treatment or abandonment and alimony pendente lite in the amount of $350 per month. The suit went to trial in November, 1975, about fifteen months after suit was originally filed. Pursuant to written reasons for judgment, the district court rendered judgment awarding the plaintiff-husband a separation on the grounds of abandonment and awarding the defendant-wife alimony pendente lite in the sum of $150 per month beginning December 1, 1975.
The defendant-wife appealed, specifying the following errors:
(1) The Honorable District Court erred as a matter of law in granting judgment of separation to husband contrary to the law and evidence showing wife should have been entitled to judgment of separation;
(2) The Honorable District Court erred in setting the alimony pendente lite contrary to established law and without regard to the "means" of the husband and needs of the wife; and
(3) The Honorable District Court erred in refusing to make alimony payments effective on the date of the filing of the suit herein.
Plaintiff and defendant were married in 1946 and their three children are grown. In January, 1974, they were living together in a house which they rented after their home burned down. On January 29, 1974, the defendant-wife moved from the matrimonial domicile and began living with her mother in an apartment in a government project which defendant rented. The parties have not lived together since that time.
The evidence discloses that the marriage had deteriorated badly and that the parties were unhappy with each other. Exactly what was said by one party to the other leading up to defendant moving out of their home is in dispute. Plaintiff testified it was his wife's decision to leave and that she could have come back within a reasonable time but she did not do so and he did not want her back at the time of the trial. The wife testified, with some supporting testimony by others, that the husband wanted her to leave, saying something like the house was not big enough for both of them. The wife contends she was ordered out of the house by the husband, who has refused to allow her to return in spite of efforts on her part to do so, and that such constitutes a constructive abandonment on his part.
While the evidence reflects that the parties argued considerably in the weeks leading up to the separation, the evidence does not support a finding that the husband actually ordered the wife to leave. In his written reasons for judgment, the trial judge found as a fact that the defendant-wife abandoned the matrimonial domicile and refused to return thereto. The one clearly established fact in this case is that the wife was the one who moved out. She failed to establish legal cause for leaving. We find no error in the conclusion of the trial court.
On the issue of the amount of alimony pendente lite, the evidence establishes that the husband has a net monthly income of $947.66. He listed monthly expenses of $876. The wife has a net monthly income of $500 and she listed total monthly expenses of $960.14. The district court awarded her alimony in the amount of $150 per month. The amount awarded is within the range of the sound discretion of the trial court. We find no error or abuse of discretion in this regard.
Defendant contends the trial judge should have fixed the commencement date for the payment of alimony pendente lite as of the date of filing of defendant's reconventional *709 demand for alimony in October, 1974. As previously mentioned, the case was not tried until December, 1975. The judgment ordered payment of alimony commencing December 1, 1975. In Cumpton v. Cumpton, 283 So.2d 846 (La.App.2d Cir. 1973), this court held that where there are reasons making it impractical or inequitable to commence accrual of alimony retroactive to date of judicial demand, the trial judge has discretion in specifying the commencement date for alimony payments. In the instant case the issue of alimony was not tried until more than a year after the reconventional demand for alimony was filed. The evidence shows that during the time the suit was pending the husband gave to the wife various sums of money, including a part of income tax refunds and a part of the proceeds of insurance on the house that burned. We find no abuse of discretion by the trial judge in beginning the alimony payments in December, 1975.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.