JONES, Judge.
Plaintiff wife sued her husband for a separation based on cruel treatment. Defendant answered, denying the cruel treatment, and reconvened for a separation based on abandonment. The lower court rejected the wife’s demands and rendered judgment in favor of the husband. Plaintiff appeals. We affirm.
Mrs. Arntson urges the trial court erred in not awarding her a separation based on cruel treatment. Alternatively, she argues the trial court should have awarded a separation based on Civil Code Art. 138(9), living separate and apart for one year. She also claims Mr. Arntson was not entitled to a separation based on abandonment.
*577 Plaintiff admits she left the matrimonial domicile on July 19, 1974 and has not returned. However, she asserts she had a “lawful cause” in leaving, and also that she has offered to return, either of which assertion, if proven, would be a defense to the husband’s reconventional demand wherein he seeks a separation for abandonment under LSA-C.C. Art. 143.[1]
An examination of the record shows plaintiff’s allegations of cruelty were generally based on incidents that covered a period extending over several years. These acts of cruelty included charges her husband associated with other women, refused to take her on trips, and told her he didn’t love her. Her proof of these allegations, most of which were denied by her husband, consisted largely of her uncorroborated testimony.
The trial judge found Mrs. Arntson did not prove cruelty on the part of her husband by a preponderance of the evidence and failed to prove she attempted to return to the matrimonial domicile.
In her testimony, Mrs. Arntson claimed she tried to return to her husband’s home four different times and, until April 14, 1976, would have returned, but now (at the time of trial) would not. Mr. Arntson stated his wife could have come back, and he never kept her out or refused to allow her to return. Their daughter, Kathleen, age 26, had moved in with Mr. Arntson approximately one year before trial. She stated her mother had never tried to return during that time.
The trial judge’s evaluation of the testimony is entitled to great weight. Based on this court’s review of the record, there is no manifest error in his findings of fact. Leriche v. Leriche, 303 So.2d 250 (La.App., 2d Cir. 1974).
The husband was entitled to a separation based on abandonment when his wife left the matrimonial domicile without lawful cause. Kleinpeter v. McCulloh, 312 So.2d 146 (La.App., 1st Cir. 1975); Burnett v. Burnett, 324 So.2d 622 (La.App., 2d Cir. 1975). There is no merit to plaintiff’s contention the separation should have been based on living separate and apart for one year.
For the foregoing reasons, the judgment appealed from is affirmed, appellant to pay all costs of this appeal.

. Art. 143. Abandonment.
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she was withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.”