BOLIN, Judge.
Plaintiff-husband obtained a judgment of divorce from his wife on the grounds of having lived separate and apart for two years under Louisiana Revised Statutes 9:301. The husband had previously obtained a legal separation from his wife on the grounds of abandonment. See 335 So.2d 707 (La.App. 2d Cir., 1976), writs refused La., 338 So.2d 113. The wife in her answer to the divorce petition admitted the two-year separation but appeals, contending the trial court erred in not permitting her to relitigate the question of fault and in sustaining exceptions of lis pendens and res adjudicata to her reconventional demand for alimony. We affirm.
The issue is whether the wife should be permitted to relitigate the question of fault in a divorce action based on two year separation where the alleged fault was previously litigated adversely to her in a separation suit between the same parties.
A large portion of appellant's brief is devoted to the argument that the lower court erred in sustaining the exceptions of lis pendens and res adjudicata since the requirements for these exceptions were not present. Since we conclude, for the reasons hereinafter expressed, that the judgment is correct, we may assume the exceptions were improperly sustained.
In Hatch v. Hatch, supra, the husband sued his wife for a separation on the grounds of abandonment. The wife reconvened seeking a separation on the grounds of abandonment and cruel treatment. The husband was granted the separation under his principal demand based on the wife’s abandonment. This judgment of separation was a judicial determination of the marital fault which caused the separation. It constituted a conclusive determination of pre-separation fault when the wife seeks alimony under Civil Code Article 160. This rule applies whether the action for divorce is based on R.S. 9:301 or 9:302. Fulmer v. Fulmer, 301 So.2d 622 (La.1976); Nethken v. Nethken, 307 So.2d 563 (La.1975).
Since the acts of fault of the husband, alleged by the wife in her reconventional demand, occurred before the separation judgment, the trial court was correct in refusing to relitigate this question. The judgment which did not grant the wife alimony under Civil Code Article 160 is, therefore, correct. Whether the trial judge refused to litigate this question because of his ruling on the exceptions is immaterial since the law and the evidence clearly support its correctness.
The judgment is affirmed.