HALL, Judge.
The plaintiff-wife sued the defendant-husband seeking (1) a separation from bed and board on allegations of cruel treatment, including an allegation that defendant packed his clothes and left the family domicile; (2) custody of a minor daughter born prior to the marriage between plaintiff and defendant, it being alleged that defendant acknowledged the minor as his child and that the child lived with the parties in the family domicile; and (3) child support and alimony. Defendant answered generally denying the allegations of plaintiff’s petition; denying paternity of the child; and reconvening for a separation on the grounds of technical abandonment by reason of plaintiff having ordered him to move from the matrimonial domicile. After trial the district court found that the husband was justified in moving and awarded him a separation; found that plaintiff proved defendant was the father of the child; awarded custody of the child to the plaintiff; and ordered defendant to pay child support in the amount of $90 per month beginning October 15, 1976.
Plaintiff appealed contending the trial judge erred (1) in beginning child support on October 15, 1976, rather than the date of judicial demand, December 31, 1975; and (2) in granting a separation to the defend *1012 ant because of lack of evidence and his failure to produce a corroborative witness.
Defendant also appealed contending the trial judge erred (1) in recognizing him as the father of the child; and (2) in awarding child support.
Defendant moved out of the matrimonial domicile, a home owned by plaintiff, in December, 1975. Plaintiff testified defendant left after telling her, in effect, that he was tired of living with her and wanted a divorce. Defendant testified he left because of an argument he had with his wife’s major daughter about her living in the home and after the wife took sides with the daughter. The evidence is very sketchy and both versions are basically uncorroborated. The only proven fact is that defendant moved out of the matrimonial domicile and has not returned. He and his wife had no contact from the date he left until the date of the trial several months later. Defendant did not prove a lawful cause for leaving — a lawful cause under Civil Code Article 143 being more than an atmosphere of friction and unpleasantness. Burnett v. Burnett, 324 So.2d 622 (La.App. 2d Cir. 1975); Hatch v. Hatch, 335 So.2d 707 (La.App. 2d Cir. 1976) writ refused La., 338 So.2d 113.
Even accepting defendant’s version as true, he has not established legal grounds for a separation. The facts do warrant a separation for the wife on the grounds of abandonment by the husband. We reverse and award the wife a separation on the grounds of abandonment on the basis of the allegations of the petition, the enlargement of the pleadings by the evidence which was not objected to, and under the authority of Code of Civil Procedure Article 2164, which allows this court to render any judgment which is just and proper under the law and evidence.
Paternity was clearly established under the provisions of Civil Code Article 209(2). Defendant orally acknowledged the minor as his child on numerous occasions and referred to the child as his own in one written communication to the Bureau of Vital Statistics requesting that a new birth certificate be issued showing him as the father. The child lived with her mother and the defendant in their home after the time they were married and was held out as the child of defendant. The trial court correctly found that defendant was the father of the child, granted custody of the child to the mother, and awarded child support.
Defendant argues that the woman was of dissolute manners and that LSA-C.C. Art. 210 prevents the use of Article 209 to prove paternity. Besides the sketchy evidence supporting this contention, the Supreme Court has squarely held to the contrary in McConkey v. Pinto, 305 So.2d 469 (La.1974), which held that “the disqualifying provision is applicable only to proof of paternity by oath of the mother and cohabitation. It is inapplicable to proof under Article 209 of the Louisiana Civil Code.”
Defendant complains that the award of $90 per month for child support is excessive. Defendant earns in excess of $12,000 per year. Although he has substantial debts and although the mother is also employed, the award for child support is well within the sound discretion of the trial court.
Suit was filed on December 31, 1975. Trial was held in October, 1976. Due to the interval between judicial demand and trial, and in view of the financial circumstances of the defendant, it was within the trial judge’s discretion to order child support to commence October 15, 1976. Hatch v. Hatch, supra.
For the reasons assigned, the judgment of the district court is affirmed in all respects except that the judgment awarding defendant a separation from bed and board from the plaintiff is reversed and there is now judgment in favor of the plaintiff, Olivia S. Lewis, and against defendant, Ben Lewis, Jr., awarding plaintiff a separation from bed and board from the defendant.
As partially reversed and amended, the judgment is affirmed at defendant’s costs.