464 So.2d 819 (1985)
Norma Goessling BILLAC
v.
Bernard J. BILLAC.
No. 84-CA-299.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
Rehearing Denied March 18, 1985.
*820 Andrew W. Weir, Weir & Robinson, Metairie, Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for plaintiff-appellant.
Ferdinand J. Kleppner, Law Offices of Ferdinand J. Kleppner, Metairie, for defendant-appellee.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
This is an appeal by Norma Goessling Billac, the wife, from a judgment granting her husband, Bernard J. Billac, a separation from bed and board and finding her at fault in causing the separation. She assigns as error the trial court's granting to the husband a judgment of separation from bed and board which he did not pray for and on what she contends was on grounds he neither alleged or proved. She further assigns as error the trial judge's refusal to permit her to introduce evidence as to alleged acts of cruelty which occurred after she moved out of the matrimonial bed, but before her petition for separation from bed and board was filed.
The husband answered the appeal contending the judgment rendered in his favor should have been for a full divorce, as he had prayed for, rather than a separation from bed and board.
For the reasons which follow, the judgment of the district court is reversed and set aside and the plaintiff's petition and the defendant's reconventional demand are dismissed.
In September 1980 the wife filed a petition for a separation from bed and board alleging that (1) she and her husband had lived in separate bedrooms of the community residence without conjugal relations since 1978, and (2) the husband made various threats and committed specific acts of cruel treatment against her after the cessation of the conjugal relations, and prayed for a separation from bed and board.
In response the husband filed exceptions of no right of action and no cause of action grounded in the contentions the parties were not living separate and apart as required to support an action for separation from bed and board, and by remaining in the same residence with the husband the wife condoned the alleged acts of cruelty. The then trial judge dismissed the exceptions and gave extensive reasons for doing so.
On April 14, 1981, following the dismissal of the exceptions, the husband filed a general denial coupled with a reconventional demand for a divorce on the grounds more than one year had expired since he and his wife had commenced living separate and apart. The reconventional demand also alleged specific acts of cruelty on the wife's *821 part and prayed for a declaration the husband was free of fault.
At the commencement of the trial[1] the judge informed the parties he could not hear the husband's divorce action based on their having lived separate and apart for more than one year because the parties were still living in the same house, but he could hear the separation action because it was based on cruel treatment rather than having lived separate and apart for the prescribed time. Nevertheless, after the wife testified that at the end of 1978 she moved to a separate bedroom in the house because of her husband's impotence and his frustrations over same, the trial judge refused to permit her to introduce evidence as to the husband's cruel treatment on the grounds it was post-separation fault. Counsel for the wife, however, proffered the evidence. Upon concluding the taking of proffered evidence the husband rested without introducing any evidence in defense of the wife's action in support of his reconventional demand.
Following this, the trial judge ruled as follows:
".... The Court finds Norma Goessling Billac to be at fault for the separation in that she separated because, as her testimony, at the end of 1978 because her husband had become impotent. She moved out of the quarters where they had been living previously. The Court considers that as a separation, and it would be the same thing as if she had moved out of the house or out of the state or out of the city. It is a legal separation. They intended to separate...."
Thereafter, although the husband had only prayed for a full divorce, the trial judge granted to the husband a separation from bed and board based on their having lived separate and apart for more than one year and found the wife at fault for having removed herself from the matrimonial bedroom and therefore dismissed her suit for separation from bed and board.
Living separate and apart for specified periods can be grounds for both separation and divorce. However, in order to fulfill the "separate and apart" criterion in the Code, the parties must actually reside in different dwellings. Singleton v. Rogers, 160 La. 196, 106 So. 781 (1926). That the parties have separated must be "visible to the community;" they must live apart in such a manner that others are aware of the separation. Quinn v. Brown, 159 La. 570, 105 So. 624 (1925); Arnoult v. Letten, 155 La. 275, 99 So. 218 (1924); Hava v. Chavigny, 147 La. 330, 84 So. 892 (1920). This line of jurisprudence was so well settled in the 1920's that few cases raise the issue now. Nevertheless, as late as 1977, in Boyd v. Boyd, 348 So.2d 121 (4th Cir.1977), the court reiterated the "visible to the community" standard established in the earlier cases.
We hold, therefore, that the trial judge erred in rendering a separation from bed and board based on the parties having lived separate and apart for more than one year. As connoted by the name, i.e., a separation from bed and board, a mere separation from bed is not sufficient to support a judgment of separation from bed and board, for there must be a separation from board as well as from bed before the cause of action arises. Further, as was held by our brothers in the Second Circuit, the wife's admission of sleeping in a separate bedroom because her husband has lost his sex drive does not constitute fault on her part. Burnett v. Burnett, 324 So.2d 622 (2nd Cir.1975).
Accordingly, the trial court's judgment is reversed and set aside. The wife's petition for a separation from bed and board and the husband's reconventional demand is dismissed. Each party to bear his own cost.
REVERSED, SET ASIDE AND DISMISSED.
NOTES
[1] By the time of trial each party had changed attorneys and the case had been assigned to a different trial judge from the one who had heard the preliminaries.