SCHOTT, Judge.
Plaintiff, Theodore Riley, obtained a judgment of divorce from his wife, Shirley Riley, on the ground that they had been living separate and apart for more than a year. LSA-R.S. 9:301. She has appealed on the ground that they were not living “separate and apart” because they were residing in the same house even though in separate residences.
The pertinent jurisprudence is summarized in Succession of Le Jeune, 221 La. 437, 59 So.2d 446 (1952). This was an action by relatives of the decedent to have certain property classified as her separate property because it was acquired with funds derived from her earnings from a rooming house she operated while she was living separate and apart from her husband. The husband occupied an apartment in a garage at the rear of the property. The issue was whether the spouses were living separate and apart. Holding that this is the same sort of voluntary separation essential to an action for divorce under R.S. 9:301 the court observed:
It is, of course well settled that, where the parties live under the same roof and are recognized by neighbors as husband and wife, an action for divorce will not lie even though they occupy separate quarters within the premises and otherwise do not engage in the usual functions of the marital relation, as this does not constitute living separate and apart within the meaning of the law.
In the present case the house at 914 Valence Street consists of three independent apartments. Appellant, Shirley Riley, occupied the upstairs apartment, and appel-lee occupied a lower apartment. These apartments are each autonomous with separate kitchens and baths. There are no connecting stairways or doors between them. Access to each apartment is from separate doors on the outside of the house. The parties did not indulge in the conjugal relationship after appellee moved to the downstairs apartment. Three independent witnesses testified that they did not live together but lived in these separate apartments.
In his reasons for judgment the trial judge correctly noted that the basic tests for determining whether the spouses live separate and apart are that they occupy separate “dwellings” and that they must live apart in such a manner that their separation is visible in the community and others are aware of the separation; and he found that the apartments in this case constituted separate dwellings even though they were in the same building and that others in the community were aware of the separation.
Appellant argues that this conclusion is contrary to the court’s decision in Le Jeune. In this case the husband occupied the outside apartment because he was ill. The wife had purchased the materials for him to build the apartment, she cooked his meals, and he served as a handyman around the premises. These facts are clearly distinguishable from the instant case where the parties lived independently of each other and this was perceived by others to be the case.
Appellant also relies on Billac v. Billac, 464 So.2d 819 (La.App. 5th Cir.1985) for the proposition that occupancy of separate apartments within the same house cannot constitute living separate and apart. However, the Billac case, like several others cited by appellant, involved occupancy by the parties of separate bedrooms within the same dwelling unit. The court observed that “the parties must actually reside in different dwellings” in order to be considered separate and apart, and the separation must be “visible to the community”, that is, it must be in such a manner that others are aware of it. These require *816 ments are satisfied by the facts of the instant case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.