The plaintiff-wife filed this suit for separation from bed and board on the grounds of cruel treatment and habitual intemperance. The husband answered in the form of a general denial and reconvened for a separation on the grounds of cruel treatment and abandonment. The trial judge found mutual fault and dismissed both the main and reconventional demands. Plaintiff has appealed contending the trial court erred in failing to apply the doctrine of comparative rectitude.
Imprimis, we note that Act 495 of 1976, which provides that a separation from bed and board shall be granted even though both spouses are mutually at fault, is not applicable in this case. The act adds a new article (141) to the Civil Code, is concerned with substantive rather than procedural law, and became effective October 1, 1976, subsequent to the March 3, 1976 judgment here appealed from.
While there are some comparatively minor conflicts in the evidence adduced, the record contains testimony establishing or supporting the following facts:
The litigants had been married for approximately 33 years and had two children both of whom were over 21 years of age. On several occasions during the marriage *1125 the defendant had struck his wife, the last such occasion occurring three or four weeks prior to the actual separation in March, 1975. At that time the husband had struck the wife several times on the leg with one of her slippers, causing bruises to the leg and injuring her to some slight degree, as she testified, in “several other places.”[1] The defendant drank an excessive amount of beer, on some occasions becoming intoxicated, and frequently would return to the house at late hours of the morning.
On the other hand, the defendant has an excellent work record. He has been em-. ployed as an air compressor operator during all of the years of the marriage, works all week and approximately half of the weekends out of each year, plus frequent overtime during the week. Until shortly before the separation he gave his wife his entire weekly pay check, and when he stopped doing this he turned over to her $100 each week from the check. The wife habitually and persistently has nagged the husband, finding fault with him both in public and in private. Because of the nagging, on many occasions he has left the house or locked himself in a bathroom or utility shed, even eating there, to get away from her bickering. It is clear that the wife’s nagging provoked much of the husband’s actions and made their living together “insupportable” as required by Civil Code Article 138(3). In addition to the excessive nagging over the years and although she now claims the statements were made in jest, plaintiff admitted telling the defendant he had better watch his food because it might be poisoned and if she had a gun she would shoot him.
Regarding the doctrine of comparative rectitude, our jurisprudence has been that where the spouses were guilty of mutual wrongs toward each other of the same general character and so proportional as to make it difficult to ascertain which party is mainly at fault, the courts will not grant relief to either.[2] In the instant- case, it is either difficult or impossible for us to conclude which of the two litigants is mainly at fault.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

BEER, J., concurs with written reasons.

. This is the sole incident of striking the wife in which any of the facts involved are mentioned in the testimony. Their television set and telephone were in the den of their home. The husband was in the process of calling his sister in Maryland regarding their mother’s financial affairs and the wife was looking at television. Unable to converse with his sister because of the television noise, the husband asked the wife to turn the volume down. She adamantly refused; he turned the volume down; an argument and the striking incident then ensued.

. Grappe v. Grappe, La.App., 315 So.2d 866; Schillaci v. Schillaci, La.App., 313 So.2d 599; Maranto v. Maranto, La.App., 297 So.2d 704; Davis v. Davis, La.App., 258 So.2d 138; Geraci v. Geraci, La.App., 226 So.2d 543.