BOUTALL, Judge.
Mrs. Carmencita Gristina Couvillion filed suit for separation from bed and board on the grounds of abandonment and cruel acts committed by her husband which rendered living together insupportable. The defendant husband answered and reconvened, seeking a separation on the grounds of abandonment of the plaintiff. The trial judge dismissed the suits of both parties after finding that the parties were mutually at fault. Only Mrs. Couvillion has appealed the dismissal of her suit.
The acts complained of by the plaintiff was the defendant’s continued “running around with another woman”, plaintiff’s cousin. The specific act which convinced the plaintiff that the defendant was “running around with another woman” occurred about Christmas of 1974. At that time the plaintiff testified she witnessed the defendant standing outside the car window of her cousin kissing her.
Subsequent to that incident, the plaintiff and defendant resided together as husband and wife for approximately four months, during which there were frequent quarrels. In April of 1975, the defendant informed the plaintiff that her cousin had become separated from her husband. Upon receiving that news the plaintiff ordered the defendant to move out of the family home. The defendant left, but after two weeks he told the plaintiff that he wanted to return to the home with the plaintiff and their family. The plaintiff told the defendant that he could not return.
Mrs. Couvillion testified she could no longer live with her husband because he refused to break off all relations with her cousin, but continued to see her, talk to her on the telephone and even danced with the woman even though she repeatedly pleaded with him not to do so.
The defendant denied engaging in any improprieties with any other women, and stated that there was always a close social relationship between the two families, that they often went camping together, to parties together and lived nearby. Furthermore, every time that the defendant was with or around the other woman, it occurred at dances or places where other family members were present.
The trial judge found the parties to be mutually at fault and it appears obvious to us that the trial judge was correct. The issue is mainly based on credibility of the two parties.
For a party to prevail on the allegation of abandonment, not only must there be a withdrawal from the marital domicile, *312 but there must also be exhibited on the part of the spouse who left a constant refusal to return. LSC article 143, Belou v. Belou, La.App., 231 So.2d 580 (1970); Sciortino v. Sciortino, La.App., 188 So.2d 224 (1966). By plaintiff’s own admission, the defendant was ordered out of the house and attempted to return to the marital domicile, but she refused to allow him to return. These facts cannot support a decree of abandonment.
Plaintiff’s petition for separation also alleges cruel treatment which made the parties’ living together unbearable. We have outlined the facts above. Even if we concede the wife’s complaints to be strong enough to support a finding of cruelty, we are confronted with the opposing testimony of the husband, and an obvious credibility call by the trial judge.
It is apparent to this court that the trial judge was correct. The review of the record leads us to the conclusion that both parties have been at fault and it is impossible to determine which is more at fault. Where fault of the parties are nearly balanced, neither the husband nor the wife is entitled to judicial separation. Geraci v. Geraci, La.App., 226 So.2d 543 (1969); Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952). We agree with the dismissal of the wife’s suit.
We call attention to the fact that the separation took place in April, 1975 and the judgment appealed was rendered March 17, 1976. Act 495 of 1976 added a new article 141 to Louisiana’s Civil Code providing grant of judgment of separation in mutual fault cases, apparently legislatively overruling the prior jurisprudence. However, it was not effective until October 1, 1976.
For the foregoing reasons, the judgment appealed is affirmed.

AFFIRMED.