SCHOTT, Judge.
The husband filed suit for separation from bed and board based upon allegations of cruel treatment and abandonment by the wife. She reconvened for separation alleging cruel treatment on his part. The trial court dismissed both the main and recon-ventional demands, applying the doctrine of *379 comparative rectitude. Only the wife has appealed. The husband has neither appealed nor answered the appeal.
The wife specifies two errors, one, in the finding that her fault was equal to her husband’s, and two, in the failing to grant a separation from bed and board upon a finding of mutual fault, pursuant to Act 495 of 1976.
With respect to the first specification, the evidence consisting principally of the testimony of the parties is in hopeless conflict and we cannot say that the degree of fault on the husband’s part was any greater than on the wife’s.
However, we have concluded that the wife is entitled to a judgment of separation under the provisions of Act 495 of 1976 which added Art. 141 to the Civil Code, reading as follows:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.”
The husband contends that this act has no application because its effective date was October 1, 1976, and the separation between the parties occurred on May 24, 1976. He relies on Couvillion v. Couvillion, 346 So.2d 310 (La.App. 4th Cir. 1977) Douglas v. Douglas, 342 So.2d 1124 (La.App. 4th Cir. 1976) and cases from the other circuits which held that this act does not apply retrospectively. The instant case is distinguishable from all the cases cited in that it was tried on October 18, after the effective date of the act. The act which legislatively overrules the jurisprudential rule of comparative rectitude is remedial in nature. It was in effect when this case was tried and constituted a directive to the trial court as to the proper disposition of this case where the spouses were mutually at fault.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, Mary Hinson Lawrence, on her reconventional demand and against her husband, Duard Lawrence, decreeing a separation from bed and board between the parties based upon LSA-C.C. Art. 141.
All costs of these proceedings are assessed against the husband, Duard Lawrence.
REVERSED AND RENDERED.