357 So.2d 856 (1978)
Mrs. Betty Betat, wife of Herbert S. DIXON, Jr.
v.
Herbert S. DIXON, Jr.
No. 9132.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
*857 D. A. McGovern, III, New Orleans, for plaintiff-appellant.
Kiefer, Glorioso & Fleming, Anthony L. Glorioso, New Orleans, for defendant-appellee.
Before LEMMON, SCHOTT and BEER, JJ.
LEMMON, Judge.
Mrs. Herbert Dixon filed this suit for separation grounded on abandonment, and her husband filed a reconventional demand based on cruelty. The judgment, in addition to granting the wife a separation, also recited:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Mrs. Betty Betat, wife of Herbert S. Dixon, Jr., is found to be not without fault."
The reasons for judgment further stated "(t)he court finds mutual fault between the parties in granting the separation". Mrs. Dixon has appealed, questioning the finding that she was not without fault, although the separation was granted in her favor.
At trial Mr. Dixon admitted that he moved out of the matrimonial domicile on March 29, 1976 and does not intend to return, but explained that they had not had sexual relations in over three months; that his wife had refused sex to him many times; that she resisted his showing of any affection, such as kissing when he came into the house after work or sitting close to him in an automobile; and that she "many times" stayed out until 4:00 or 5:00 a. m. and refused to let him know where she was, responding that she was old enough to take care of herself.
On the other hand, Mrs. Dixon denied that she had ever refused her husband sexual relations. She stated his complaints were that she was unable to "satisfy him as a woman", although she had tried to the best of her ability to do so. She stated that she worked during the day as a key punch operator and sometimes worked at night in *858 the real estate business, and additionally on occasions she went to a friend's house and stayed until early in the morning, helping her to make costumes during the carnival season, but that her husband always knew her whereabouts. She further testified that she loved him and desired his return.
Since Mrs. Dixon did not allege or attempt to prove any conduct by Mr. Dixon which could constitute grounds for separation except abandonment, this record could only support three possible conclusions: (1) the husband abandoned the wife without lawful cause; (2) the wife was at fault in the separation; or (3) the parties were simply incompatible, and neither proved fault which constituted grounds for separation.
C.C. art. 141, as reenacted in 1976, now authorizes the granting of a separation "although both spouses are mutually at fault in causing the separation".[1] The article does not create a new ground for separation; rather, the fault contemplated by the article is fault which constitutes an existing independent ground for separation under C.C. art. 138. Therefore, if the evidence in a suit for separation does not establish "fault" on the part of each party but merely shows mutual incompatibility, then there is no codal authority for rendition of a judgment of separation, and the parties must either assert new grounds or wait for the required period of living separate and apart.[2]
The record in the present case does not support a judgment of separation based on mutual fault under C.C. art. 141 (although the record would support a finding of mutual incompatibility). Accordingly, the rendition of the judgment in favor of the wife is inconsistent with the judgment's wording that the wife "is found to be not without fault".[3]
We resolve this inconsistency by reference to the specific holding in the judgment that the wife was not without fault. This double negative finding of fault sufficient to constitute grounds for separation is amply supported by the record evidence provided by the husband as to the wife's denial of sex and other mental cruelty, which was apparently found credible by the trial court. However, acceptance of such evidence precludes a finding of abandonment without lawful cause (which, as previously stated, was the only fault the wife alleged and attempted to prove).
Had the husband appealed, we would reverse and render the judgment of separation in his favor. On the present posture of this appeal by the wife, complaining of the finding of fault on her part, we merely affirm.
The judgment is affirmed.
AFFIRMED.
BEER, J., concurs and assigns reasons.
BEER, Judge, concurring.
Unwilling to approve the method by which the majority resolves the inconsistency of the district court judgment, I, nevertheless, agree with the result. Even so, I feel obliged to express my basic dissatisfaction toward the existent jurisprudential preoccupation with production line fault determination in domestic relations cases.
*859 Progress appeared to have been achieved by the codification of Article 141 since it seemed to provide a more realistic approach to the obtaining of separation from bed and board. However, its usefulness is frustrated by the inclusion of an automatic mutual fault determination. While correctly acknowledging that many separations are the result of mutual failure on the part of husband and wife, the article requires absolute, unequivocal and irrevocable disallowance of alimony when it (the article) is used as the basis for obtaining a judgment of separation. Parties to a wretchedly unhappy marriage, each of whom honestly acknowledges their own failings, must be reluctant to invoke Article 141 because of its absolute fault finding provision. Thus, except for shortening the time requirements, Article 141 is not really much of an improvement over the ordinary abandonment type separation suit.
I believe that the underlying problem results from preoccupation with fault determination concurrent with judgment rendition in domestic relations cases. I question the usefulness and validity of those decisions which have generated such preoccupation.
NOTES
[1] In full text the reenacted C.C. art. 141 provides:

"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
[2] It is indeed unfortunate that a spouse, who is separated because of incompatibility, must file a suit alleging fault in order to maintain an ancillary action for support, since such a suit seriously impairs any chances for reconciliation. Furthermore, present jurisprudence makes a default judgment of separation an absolute bar to subsequent litigation of fault, if alimony is sought after divorce. Thus, when one spouse is required to allege fault in order to obtain support and the other is required to defend the allegations in order to avoid a conclusive judgment on the issue of fault, the needless litigation at the separation level probably eliminates any possibility of separation thereafter.
[3] Perhaps a judgment based on mutual fault should not be rendered in favor of either party.