357 So.2d 1378 (1978)
Sherry Culpepper SAUCIER
v.
Clyde L. SAUCIER.
No. 9127.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
Satterlee, Mestayer & Freeman, A. D. Freeman, New Orleans, for plaintiff-appellant.
R. A. Osborn, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
The trial court granted a separation in favor of the wife against the husband but *1379 further adjudged the wife to be "not free from fault".[1] The wife appeals on the issue of fault. The husband has neither appealed nor answered the appeal.
The wife filed suit for separation based on abandonment and the husband reconvened seeking a separation on the grounds of abandonment and ill treatment. In written reasons, the trial judge stated:
"In this case, Mrs. Saucier testified that she moved herself from her husband's bed to a separate room. The Court finds that she failed to show reasonable ground for this conduct. Therefore, the Court can not find that she is free from fault.
"The Court finds the parties to be mutually at fault in the separation."
A reasonable interpretation of these reasons is that the wife denied the husband sexual relations without sufficient cause.
A determination of the wife's fault is based upon factual findings and will not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La. 1977); Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). Our examination of the record leads us to conclude that the trial court's implicit finding that the wife unjustifiably denied her husband sexual relations is supported by the evidence.
The wife testified that she had moved into a separate bedroom in early 1976 because of friction and a lack of communication between her and her husband. She stated that she had moved into the other room because "things were so strained at the house I did not sleep at night". The wife indicated that the bedroom door was not locked and that her husband had free access to her room. She testified that her husband had not made any comment regarding the move, that he had not made any sexual advances toward her since early 1976[2] and that she did not have the opportunity of denying her husband sexual relations. Her testimony in these respects was not seriously disputed by the husband who further indicated that his sexual activity had been minimal during the five years preceding trial.
The husband, however, denied that he had never approached his wife for sexual relations and further testified that she had refused him, that 99 out of 100 times he was unsuccessful in his advances and that consequently he had given up approaching her for marital relations. He further stated that he knew of no medical problems that his wife had which would have prevented sexual relations.
LSA-C.C. art. 141 authorizing a separation in cases of mutual fault presupposes each party has committed fault constituting an independent ground for separation under LSA-C.C. art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir. 1978). To be considered as "fault", the spouse's "misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation . . . ." Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707, 709 (1958). The denial of sexual intercourse to one's spouse unjustifiably and persistently constitutes "ill treatment" within the meaning of LSA-C.C. art. 138 and is a legal ground for separation. Phillpott v. Phillpott, 285 So.2d 570, 572 (La.App. 4th Cir. 1973), writ refused, 288 So.2d 643 (La. 1974).
Though a factual dispute exists in the record regarding the wife's refusal of sexual relations, the trial judge chose to believe the husband's testimony. We find no error.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Though the wife's suit for separation was filed on June 23, 1976, the judgment was rendered on January 18, 1977, subsequent to the effective date of Act No. 495, § 1 of 1976 which implemented LSA-C.C. art. 141 permitting a judgment of separation despite the mutual fault of the spouses. LSA-C.C. art. 141, therefore, was applicable to the case. See Lawrence v. Lawrence, 352 So.2d 378 (La.App. 4th Cir. 1977).
[2] Approximately six months before the separation suit was filed.