369 So.2d 1083 (1979)
Vincent BROCATO, Jr., Plaintiff-Appellee
v.
Elosia Ann Babin BROCATO, Defendant-Appellant. Consolidated with
Elosia Ann Babin BROCATO, Plaintiff-Appellant,
v.
Vincent BROCATO, Jr., Defendant-Appellee.
Nos. 12352, 12353.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
*1084 Kenneth L. Riche, Baton Rouge, of counsel for plaintiff-appellee, Vincent Brocato, Jr.
Richard C. Cadwallader, Baton Rouge, of counsel for defendant-appellant, Elosia Ann Babin Brocato.
Before SARTAIN, CHIASSON and EDWARDS, J J.
*1085 SARTAIN, Judge.
These two suits were consolidated in the trial court. In each the respective plaintiff sought a judgment of separation based on specifically alleged acts of cruelty. Each plaintiff also sought the custody of the minor children, issue of the marriage. There were numerous hearings which spanned a period of some seven months. Initially, the trial judge awarded the temporary custody of the minor children to Mr. Brocato, which order was appealed and affirmed by us.[1] Thereafter, the trial judge rendered a judgment decreeing a separation between the parties in favor of Mr. Brocato and against Mrs. Brocato "based upon the mutual fault of both parties." A common judgment was entered in each suit.
Mrs. Brocato has appealed both judgments. She contends that since Mr. Brocato neither appealed nor answered her appeals, the determination of fault on his part is final. However, she strongly asserts that the record before us does not support a finding of fault on her part. She therefore seeks to have these judgments reversed and rendered in her favor without the legal consequences that a finding of fault on her part involves. The principal issue presented for our review and resolution is whether the trial judge committed manifest error in his determination that the conduct of Mrs. Brocato was such as to constitute "mutual fault" within the meaning of C.C. art. 141.[2]
First, Mrs. Brocato urges that the judgment against her should be reversed as a consequence of the failure of the trial judge to submit written findings of fact and reasons for judgment as per her counsel's request. She reasons that C.C.P. art. 1917[3] gave statutory validity to previous constitutional provisions which required a district judge in all contested civil cases, other than jury cases, to give in writing his findings of fact and reasons for judgment. Art. VII, § 43, La.Const. of 1921; Emanuel v. Hatcher, 19 La.Ann. 525 (1867); Block v. McGuire, 18 La.Ann. 417 (1866). This contention must be rejected. The Louisiana Constitution of 1974 does not contain a similar provision. Accordingly, the absence of written findings of fact and reasons for judgment for any reason does not now raise a constitutional issue. Probably the absence of a similar provision in the constitution of 1974 is in recognition of the fact that more and more judgments are being rendered at the trial level without the record containing either written or oral reasons for judgment.
When a trial judge fails to comply with a timely request for written findings of fact and reasons for judgment under C.C.P. art. 1917, the proper remedy for the aggrieved party is to apply for supervisory writs or move for a remand for the purpose of requiring or affording the trial judge an opportunity to comply with the request. In the instant case neither device was employed. Accordingly, we shall review the matter as in any other case where the record contains no reasons for judgment.
Appellant contends that "mutual fault" under C.C. art. 141 means "equal fault" and that the evidence adduced during the course of the hearings failed to show that any fault on her part was equal to that of her husband's. As a matter of fact, she urges that the conduct complained of by her husband was nothing more than a showing of incompatibility which is not grounds for a separation. C.C. art. 138; Pearce v. Pearce, 348 So.2d 75 (La.1977); Dixon v. Dixon, 357 So.2d 856 (La.App. 4 Cir. 1978).
In order to understand appellant's contention that the "mutuality of fault" referred to in article 141 is "equal fault," it is *1086 necessary to consider the prior jurisprudence of this state relative to the courts' application of the doctrines of recrimination and comparative rectitude. Both are jurisprudential rules of law. The doctrine of recrimination is based on the equitable idea that he who comes into court with unclean hands cannot obtain judicial relief. Where the parties to a domestic dispute were determined to be equally at fault neither could prevail. Thomason v. Thomason, 355 So.2d 908 (La.1978); Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952) and the authorities therein cited.
The doctrine of comparative rectitude was accepted in Louisiana to offset the rather harsh consequences of the recrimination theory. It required the court in each instance to determine the degree of fault of each party and to grant judgment in favor of the spouse whose fault was found to be of a lesser degree. Only in those cases where mutual wrongs were so proportional that it was difficult to ascertain which party was more at fault would the court decline to interfere and refuse to grant relief to either party. Eals v. Swan, above, and Lane v. Lane, 165 So.2d 682 (La.App. 1 Cir. 1964).
Under the above theory only equal fault on the part of both parties barred relief in the form of a judicial separation. Since disproportional wrongs were never a bar to a judicial separation in Louisiana, appellant reasons that the mutual fault referred to in article 141 has to mean "equal fault." We think not.
We doubt very seriously that the legislature by the adoption of article 141 in 1976 had in mind the technical distinction between the theory of recrimination and the theory of comparative rectitude and more particularly the weighing process required of the court under the latter theory.[4]
Unquestionably the legislature by the addition of article 141 sought to abrogate in Louisiana the doctrine of recrimination. However, we do not believe that the legislature intended that the article's application be restricted to only those cases presenting equal fault on the part of both parties. Had the legislature intended such a limited application of the article, it could have evidenced such intention by simply adding the word "equal."
We adopt the interpretation of the article as expressed by the court in Saucier v. Saucier, 357 So.2d 1378, 1379 (La.App. 4 Cir. 1978).
"LSA-C.C. art. 141 authorizing a separation in cases of mutual fault presupposes each party has committed fault constituting an independent ground for separation under LSA-C.C. art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir. 1978). To be considered as `fault', the spouse's `misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation . . . .' Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707, 709 (1958). * * *"
Under the above interpretation not only is the doctrine of recrimination no longer applicable, but also it is no longer necessary for the trial court to weigh the proportional wrongs of each party under the doctrine of comparative rectitude. If the fault of each party, equal or unequal, standing alone is sufficient to award the other a judgment of separation, then their respective fault is deemed to be mutual.
The fault of Mr. Brocato consisted of his acts of physical cruelty to his wife, verbal abuse, falsely accusing her of having sexual relations with other men and asserting that she was a drug addict and mentally and emotionally unstable.
The fault of Mrs. Brocato consisted of her leaving the matrimonial domicile for long periods of time, leaving the small children with neighbors and friends, drinking to excess which caused many arguments and altercations between her and her husband, and using drugs and medication to excess.
*1087 The evidence presented by each of these parties, either in support of their respective allegations or in opposition to the other's is in hopeless conflict. The record portrays an unyielding alignment of family and friends of one against a similar contingent of the other. It is difficult to determine which of the above acts of misconduct on the part of one caused or brought on the wrongful and retaliatory conduct of the other. The trial judge obviously concluded that there was some truth in what each witness had to say and that each party litigant had proved the averred acts of cruelty of the other.
We find that the wrongs of each party standing alone are sufficient grounds to award the other a judgment of separation. C.C. art. 141 is therefore applicable.
Lastly, Mrs. Brocato claims that it was error on the part of the trial judge to enter judgment in favor of her husband and against her even upon his finding of mutual fault. The signed judgment specifically states it was based on mutual fault and therefore the phraseology indicating a nominal winner is a distinction without a difference.
Accordingly, for the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] See Brocato v. Brocato, La.App., 364 So.2d 152 (1978).
[2] C.C. art. 141.

"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
[3] C.C.P. art. 1917.

"In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment."
[4] Even the courts on occasion have confused the two theories, See our opinion in Thomason v. Thomason, 349 So.2d 928 at 931, where we describe the elements of the doctrine of recrimination and inadvertently called it the doctrine of comparative rectitude.