376 So.2d 1275 (1979)
Virginia Evans POST, Plaintiff-Appellant,
v.
Lawrence I. POST, Jr., Defendant-Appellee.
No. 13922.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1276 Frances M. Gowen, Jr., Shreveport, for plaintiff-appellant.
Burnett, Sutton, Walker & Callaway, Glenn E. Walker, Shreveport, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
JONES, Judge.
The wife appeals a judgment granting a separation on grounds of mutual fault. LSA-C.C. Art. 141. The husband moved to dismiss the appeal, which was timely perfected as though it were a devolutive appeal, on the grounds that only a suspensive appeal can be taken from a judgment of separation, LSA-C.C.P. Art. 3942, and that the wife failed to file a suspensive appeal bond. LSA-C.C.P. Art. 2124. We find the appeal to have been properly perfected and affirm the judgment.

THE MOTION TO DISMISS
Since Act 176 of 1977 became effective as an amendment to LSA-C.C.P. Art. 2124, a devolutive appeal may be perfected without the filing of a bond. LSA-C.C.P. Art. 2126. In ordinary cases, this appeal does not suspend execution of the judgment. However, appeals from judgments of separation, divorce and annulment of marriage are specially provided for in LSA-C.C.P. Art. 3942. Any appeal timely perfected from a judgment of separation, suspends the execution of the judgment, whether it is called a suspensive or a devolutive appeal, under the express terms of LSA-C.C.P. Art. 3942. It is not necessary that the appellant post a suspensive appeal bond. Alternate means of perfecting the appeal, as in the case of devolutive appeals in ordinary cases, are available in LSA-C. C.P. Art. 2124, 2126. Walker v. Walker, 159 So.2d 344 (La.App. 2d Cir. 1963). See also Shipp v. Shipp, 182 La. 1019, 162 So. 760 (1935); Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962); Bell v. Bell, 349 So.2d 1025 (La.App. 2d Cir. 1977); Devall v. Devall, 357 So.2d 899 (La.App. 3d Cir. 1978).

THE MERITS
Virginia and Lawrence were married on April 9, 1977. Shortly thereafter they began experiencing marital difficulties. Virginia and her witnesses assert that the marital problems were due to Lawrence's borderline alcoholism. Lawrence and his witnesses contend Virginia's incessant complaining to be the source of their connubial dissatisfaction. The husband also testified that his wife's continual denial to him of sexual relations was a significant cause for the separation. The parties remained together until October 31, 1978 when Virginia left the matrimonial domicile following an altercation. She filed suit for separation on the grounds of physical and mental cruelty. Lawrence reconvened on grounds of mental cruelty and abandonment. The trial court granted the separation on the basis of mutual fault.
The issue on appeal is whether or not the evidence supports the trial court's award of a separation based upon mutual fault predicated upon a finding of independent fault on the part of each spouse.
"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following a divorce." LSA-C.C. Art. 141.
Appellant contends that the trial court failed to find EQUAL mutual fault which was required by LSA-C.C. Art. 141 as a condition precedent for any separation thereunder. Appellant also contends that if equal fault is not required but only fault which would justify the rendition of a separation against her under LSA-C.C. Art. 138, then the evidence falls short of establishing fault to this extent.
Appellant bases her contention that mutual fault means "equal mutual fault" upon the following quote from the body of the *1277 opinion and a footnote in the Louisiana Supreme Court case of Thomason v. Thomason, 355 So.2d 908 (La.1978):
"The judicially created doctrine of recrimination in divorce is therefore abrogated by the court, acknowledging the legislative abrogation of the doctrine in separation cases.5" Id. at p. 911
"5 The legislature has already accomplished this result in the area of separations from bed and board by overruling a long line of jurisprudence which disallowed a separation to both parties when there was equal fault. See e. g., Schillaci v. Schillaci, [310 So.2d 179] supra n. 1, writ denied, [313 So.2d 599] supra n. 1; Davis v. Davis, [258 So.2d 138] supra, n. 1; Maynor v. Maynor, 234 So.2d 426 (La.App. 1st Cir. 1970); Wood v. Wood, 227 So.2d 656 (La.App. 3d Cir. 1969). It enacted the new Civil Code article 141, La. Acts 1976, No. 495, ss. 1, which provides in pertinent part:
`A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation.'"
A review of the Thomason case, supra, establishes that its reference to LSA-C.C. Art. 141 only recognized that the legislature had eliminated the doctrine of recrimination in separation cases. The doctrine of recrimination provided that spouses who were equally at fault could not obtain a separation. There is no indication in the opinion that a determination of equal fault is required to justify a separation under LSA-C.C. Art. 141.
In Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979) it was held that mutual fault in LSA-C.C. Art. 141 was not limited to equal fault. The court pointed out that if the legislature had intended for LSA-C.C. Art. 141 to apply only to cases of equal fault then it would have chosen the adjective "equal" rather than "mutual". Brocato, supra, approved the interpretation of LSA-C.C. Art. 141 contained in the decision of Saucier v. Saucier, 357 So.2d 1378 (La.App. 4th Cir. 1978):
"LSA-C.C. Art. 141 authorizing a separation in cases of mutual fault presupposes each party has committed fault constituting an independent ground for separation under LSA-C.C. Art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir. 1978). To be considered as `fault', the spouse's `misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation . . ..' Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707, 709 (1958). . ." Id. at 1379.
We agree with the interpretation of LSA-C.C. Art. 141 contained in the Brocato and Saucier cases.
Appellant urges that under Dixon and Kendrick she was not guilty of fault which constitutes an independent cause for a judicial separation. She states that although there was sufficient evidence to prove her husband's fault under Article 138, there was a lack of competent evidence to show that he was entitled to a separation on the basis of any fault on her part. The record and the finding of the trial court, to which we owe deference, reveal that this argument is without merit. Mrs. Post was guilty of fault within the scope of LSA-C.C. Art. 138(3), namely, cruel treatment.
The record shows, and the trial court so found, a multitude of never-ending complaints by Mrs. Post which comprised cruel treatment towards her husband so as to render their common life together insupportable. The testimony of Mr. Post corroborated by his two witnesses demonstrated a persistent and unceasing barrage of remonstration from Mrs. Post directed to Mr. Post's dressing, buying and eating habits. Her nagging ranged from the manner in which he wore his pajamas to her need to become intoxicated before she had sexual relations with him, to his purchase of four bars of soap and a $2.50 piece of round steak. Her griping was of such a nature as to constitute cruel treatment and render their marital life unbearable. The husband testified that his wife, without any justification, frequently denied him the right to have sexual relations with her. The trial court attached enough significance to this complaint to mention it in the reasons for judgment, along with the wife's griping, in concluding that the wife had subjected the husband to cruel treatment.
The evidence fully supports the trial judge's finding of mutual fault on the part of each of the parties.
*1278 The judgment is affirmed at appellant's cost.'"