ELLIS, Judge:
This is a suit for separation from bed and board, in which plaintiff Willie Lee Manning Herrington alleges both physical and mental cruelty on the part of defendant Ronnie Alfred Herrington. Defendant denied any improper conduct and reconvened for a separation based on cruelty. After trial on the merits, plaintiff was awarded a separation, but the trial judge found mutual fault between the parties. From the finding of mutual fault, plaintiff has appealed.
Article 141 of the Civil Code now provides:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.”
In the recent case of Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979), we found that, for mutual fault to exist, each party must have been guilty of conduct sufficient to constitute an independent ground for separation, even though one may be guilty of greater fault than the other.
There is, of course, no doubt that Mr. Herrington was guilty of such conduct, and, since he has not appealed, the judgment is final as to him.
Mr. Herrington testified that, during the marriage, his wife continually rejected his sexual advances, and that their arguments were more and more frequent. He justified his own conduct in staying out late and drinking as a reaction to Mrs. Herrington’s continued rejection of him. Mrs. Herring-ton admitted that she had never felt any sexual attraction for her husband, and that she did not attempt to conceal her feelings, although she knew that it made her husband feel rejected. She considered sexual relations an unpleasant marital duty, which she occasionally performed. The parties differed as to the frequency of the performance. She justified her attitude by her husband’s alleged excessive demands upon her. She was aware that most of their difficulty was caused by their sexual incompatibility.
The parties have slept in separate rooms for the last several years of their marriage, each has told the other that there was no longer any love between them, and each has told the other to leave. Mrs. Herrington testified that they made each other miserable and that they were just unable to live together.
The trial judge found this to be “a classic case of mutual fault.” We have carefully *167 reviewed the record, and find no manifest error in this determination.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.