COVINGTON, Judge.
Appellee, wife, sued for a judgment of separation on the grounds of physical and mental cruelty, asking for custody of the three minor children and child support. Appellant, husband, answered and reconvened for a separation, likewise alleging physical and mental cruelty, and asking for custody of the children.
After various intermediate actions irrelevant to the matter for our consideration, on November 7,1979, the ease was heard and a separation was granted on the ground of mutual fault. Custody was awarded to the mother.
Appellant timely filed a motion for a new trial, which was heard on December 7 and denied on December 13. The notice of judgment was mailed to counsel on December 17. On January 22, 1980, on motion of counsel, an order of “devolutive appeal” was signed and it was filed in the office of the Clerk of Court on the next day.
This court, on its own motion, issued an order for the parties to show cause, by briefs, why the appeal should not be dismissed as not being timely filed. In response, the appellant filed a memorandum in which it is claimed that the “devolutive appeal” was perfected under the provisions of LSA-C.C.P. art. 2124 “rather than [under] the provisions of L.S.A.-C.C.P. art. 3942, the suspensive appeal provision for suits for separation and divorce.”
Article 2124 governs only the security required for appeals; it is irrelevant to the issue before us.
The general law governing the delay within which appeals must be taken is set forth in C.C.P. art. 2087, the pertinent portion of which is:
“Except as otherwise provided in this Article or by other law, an appeal . may be taken within sixty days of:

“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
U * * *
[Emphasis added]
Comment (b) following this article states, inter alia, that:
“The exception at the beginning of this article avoids conflict with a number of code and statutory provisions providing shorter delays for appeal from certain judgments. These provisions include: . Arts. 3942 and 3943, infra, thirty days to appeal from a judgment of divorce, separation from bed and board, annulment of marriage, and alimony;

C.C.P. art. 3942 provides:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).
“Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”
And, C.C.P. art. 3943 states:
“An appeal from a judgment awarding custody of a person or alimony can be *461 taken only within the delay provided in Article 3942.. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
Further, the official revision comments following C.C.P. article 3942 staté: “(a) This article is an exception to the general rule set forth in Art. 2087, supra, which provides that an appeal can be taken within ninety [now sixty] days after the dates set forth in Arts. 1914 and 1974, supra.”
Appellant contends that the provisions of C.C.P. art. 3942 are not exclusive. This theory is untenable. The express codal provisions and comments quoted above negate the contention that an appellant may appeal under either the general article 2087 or under the special articles 3942 and 3943.
Post v. Post, 376 So.2d 1275 (La.App. 2 Cir. 1979), cited by appellant, is readily distinguishable from the instant case. In Post, the appeal was timely under C.C.P. art. 3942, but was termed “devolutive”; the court stated that:
“[Ajppeals from judgments of separation, divorce and annulment of marriage are specially provided for in LSA-C.C.P. Art. 3942. Any appeal timely perfected from a judgment of separation, suspends the execution of the judgment, whether it is called a suspensive or a devolutive appeal, under the express terms of LSA-C.C.P. Art. 3942.” [Emphasis added]
In Walker v. Walker, 159 So.2d 344 (La. App. 2 Cir. 1963), the Court said:
“An appeal, any appeal, under the provisions of LSA-C.C.P. Art. 3942, from a judgment granting a divorce, taken within 30 days from the applicable date prescribed in LSA-C.C.P. Art. 2087(l)-(3), suspends the execution of the judgment. . [AJny appeal timely perfected from a judgment granting a divorce operates as a suspensive appeal and suspends the execution of the judgment until the appeal has been finally disposed of, whether it is called a suspensive or a devolutive appeal.”
In Devall v. Devall, 357 So.2d 899 (La. App. 3 Cir. 1978),[1] the court, with Judge Watson (now Justice Watson) the organ, held that:
“Since the judgment relates to a separation, custody, and child support, the appeal had to be perfected within thirty days. LSA-C.C.P. art. 3942 and 3943.”
We, therefore, hold that the instant appeal, filed after the applicable 30-day delay provided in C.C.P. art. 3942, is untimely and must be dismissed.
DISMISSED.

. Writ of review was granted by the Supreme Court, 358 So.2d 949 (La. 1978), then recalled two months later, 360 So.2d 522 (La. 1978), on joint motion of the parties.