WATKINS, Judge.
This is an appeal from a judgment of the trial court dismissing a rule nisi filed by a former husband to terminate alimony to his former wife due under prior judgment of that court. We affirm.
*977 Winston H. Sims and Marcella McGinnis Sims were married May 30,1946. The parties to the marriage adopted two children, Lori Ann, and Lynn Hall, the latter of whom is twenty years of age, and the former of whom attained the age of majority (18) only recently.
The marriage was terminated by a divorce decree rendered November 19, 1975. The custody of the two children was awarded to Mrs. Sims. By consent, permanent alimony to the former wife was fixed at $300.00 per month and child support for the two children (then minors) at $250.00 per month.
Winston Sims applied for termination of alimony by rule nisi filed September 9, 1977, one of two grounds being that his wife had become gainfully employed after rendering of the consent decree.[1] The same trial judge who earlier had rendered the consent decree, and who much more recently heard the rule nisi now under appeal to this court, at that time refused to terminate or reduce alimony, stating in written reasons dated November 8, 1977, that the un-contradicted testimony of Mrs. Sims was that she was already employed by Louisiana State University at the time the former husband agreed to the consent decree of November 19, 1975, and indicating that he so found.
The present rule nisi to terminate alimony was filed April 29,1980. The trial court dismissed the rule after trial, giving oral reasons not in the record.
Appellant, Winston H. Sims, properly requested “written reasons for judgment” which the trial court failed to give as it is required under LSA-C.C.P. art. 1917. While the trial judge was in error in this regard, and we do not condone his failure to submit in writing his findings of fact and reasons for judgment, the proper remedy was for appellant to apply for supervisory writs or move for a remand for the purpose of requiring or affording the trial judge an opportunity to comply with the request. Since neither procedure was utilized by appellant, we shall review this appeal on the merits as in any other case where the record contains no reasons for judgment. Bro-cato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979), writ refused 371 So.2d 1341 (La. 1979).
The principal arguments of Mr. Sims are:
(1) The amendment of LSA-C.C. art. 160, which‘provides for permanent alimony, by Act 72 of 1979 did away with the rule that the party seeking a termination or reduction of alimony must show a change of circumstances; or, alternatively,
(2) The former wife had become gainfully employed since the rendering of the alimony decree; or, alternatively,
(3) The former wife’s income had increased by $200.00 per month since the rendering of the decree; and, further,
(4) The children had become majors since the rendering of the alimony decree.
Because of the conclusion that the present financial condition of the former husband and former wife compels us, as it compelled the trial court, to reach, we find it unnecessary and inappropriate to decide upon the present status of the change of circumstances rule as it affects alimony decrees rendered before Act 72 of 1979 became effective (June 29, 1979). We also find it unnecessary to determine whether or not there has been a change of factual circumstances as is argued under the second, third, and fourth grounds contended by the former husband. We will consider the matter as if it were an appeal from a trial de novo resulting in a decree fixing alimony originally, the position most favorable to the appellant.
Mrs. Sims bought the marital community’s three bedroom house at the termination of the marriage, and borrowed money from her parents and Capital Savings to do so. She owed Capital Savings approximately $16,200.00, and her parents $14,500.00, at the time of the trial. Her two children, now majors, still live with her. Neither was employed at the time of the trial.
*978 Mr. Sims has remarried, and lives with his present wife in a three bedroom house, on which he owes a note.
Mrs. Sims’ net income is $718.18 per month. Mr. Sims “takes home” approximately $1,950.00 per month.
By affidavit introduced at the trial as Exhibit D-l, and from which Mrs. Sims testified, Mrs. Sims’ monthly expenses are listed as follows:
“Housing {including insurance and taxes)
(Debt $30,000) ' $ 165.00
Side note on house 200.00
Food and Household Supplies 300.00
Transportation (including car payment, repairs, oil & lube, gas, insurance) 250.00
Utilities 100.00
Educational 20.00
Newspaper and magazines 7.00
Church Contributions 60.00
Entertainment 30.00
Medical, Dental, Drugs (self only) 20.00
legal fees (remaining debt $2330) 30.00
House Repairs, House and lam equipment 65.00
Gifts 15.00
Personal and Groaning 35.00
Clothing t 130.00
Life Insurance „ 15.00
Miscellaneous 30.00
TOTAL EXPENSES $1,462.00"
In her testimony, Mrs. Sims admitted that “Food and Household Supplies” included amounts purchased for the two major children. We will reduce the amount by $100.00, which we estimate was spent for the two children. Mrs. Sims also admitted that the “Educational” expense was only for Lori; that only $65.00 was spent for her personal “Clothing” out of $130.00, and only $25.00 was spent for herself for “Personal and Grooming” out of $35.00. Also, Mrs. Sims testified that $100.00 of the $250.00 listed for “Transportation” was for monthly payments on a note on a car which has now been paid off in full. Deducting the expenses for the major children and the monthly payment on the discharge note, we arrive at an amount of $1,167.00 for monthly expenses for Mrs. Sims alone. This far exceeds the amount of her monthly net income, $718.18.
Mr. Sims testified, on the other hand, that his total monthly expenses, including the amount of $300.00 paid as alimony, were about the same as the amount he took home.
The Louisiana Supreme Court in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) held that the party receiving permanent alimony (although only the wife could receive alimony at the time that decision was rendered, the principles set forth therein hold good for either former spouse) was entitled to not simply food, clothing, and shelter, but also to “transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability generated by alimony payments...” (p. 229). The expenses set forth by Mrs. Sims fall within the scope of the Bernhardt standard. Clearly, by his own admission, Mr. Sims can pay $300.00 per month as alimony and still meet expenses. Mrs. Sims, conversely, will not meet expenses, even if we take into consideration her present income earned from her employment, unless that income is supplemented by the payment of the $300.00 per month as alimony. We find the record does not support Mr. Sims’ contention that Mrs. Sims is employed for less than her earning capacity.
The trial court was correct in continuing the alimony at $300.00 per month.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.

. The other ground alleged was that Mrs. Sims had substantial property of her own.