GULOTTA, Judge.
The trial judge granted a separation from bed and board in favor of Roland A. Mon-grue after hearing his testimony and that of a major daughter bbrn of the marriage. The wife was absent for the trial but was represented by her attorney, who was present for the major part of the hearing and cross examined the witnesses.[1] Virginia Mongrue, appealing, claims the trial judge erred in denying her attorney’s oral motion at the conclusion of the testimony to hold the case open. She further claims the judgment in favor of the husband is contrary to the weight of the evidence. We affirm.
On March 5, 1980, the wife filed a petition for separation based on Roland’s alleged cruel treatment and his request that she leave the matrimonial domicile. Roland answered, denying Virginia’s allegations, and reconvened for separation in his favor because of Virginia’s mistreatment of him and her repeated abandonment of the marital domicile.
On April 18, 1980, on motion of Roland’s attorney, the trial judge set the case for trial on the merits on June 20, 1980. The clerk’s certificate indicated a copy of the order was mailed to all counsel of record on April 18, 1980 and on April 21 Virginia’s attorney sent her a letter enclosing a copy of the notice of trial and advising her to meet him at court at the specified time on June 20.
Virginia did not appear at the trial on the merits on June 20. Roland Mongrue and his daughter, Ginger, testified on direct examination and were cross examined by Virginia’s attorney. At the conclusion of Roland’s case, Virginia’s attorney advised the court that he had notified Virginia by letter of the hearing, that he had assumed she would be present and that he did not know her whereabouts. Thereupon he asked that the case remain open for her testimony. The court orally denied this motion for continuance, however, and took the case under advisement on the merits. On June 25, 1980 judgment was rendered in favor of *1201 Roland decreeing a separation. In written reasons for judgment, the court found Virginia had abandoned the marital domicile and had refused to return.
At the outset, we reject Virginia’s contention that the trial court abused its discretion by refusing to hold the case open for her testimony.[2]
In our case, Virginia’s attorney notified her by mail two months prior to the trial date of the time and place of the hearing. Her absence at trial on June 20, 1980 was unexplained and no exigent circumstances were proven. In time honored cases our courts have held that the mere absence of a party from court is not sufficient ground for granting a continuance. Lizardi v. Arthur, 16 La. 577 (1840); Hills v. Jacobs, 7 Rob. 406 (1844); Kohn v. Short, 18 La.Ann. 291 (1866). Moreover, Virginia’s attorney appeared shortly after trial began, extensively cross examined both witnesses and did not move for a continuance until the conclusion of Roland’s case. As pointed out in Cousin v. Schilleci, 374 So.2d 130 (La. App. 1st Cir. 1979), a continuance granted upon a request made only after the opposing party has presented its evidence and rested obviously gives an unfair advantage to the moving party. Under these circumstances, therefore, we find no abuse of the trial court’s discretion.
We likewise reject Virginia’s argument that the trial court’s granting of a judgment in favor of Roland is contrary to the evidence. Roland testified that Virginia’s persistent gambling and drinking precipitated arguments in the family over the years and that she had left the marital domicile on five occasions prior to her final leaving on February 24,1980. According to Roland’s testimony, he could not “put up” with her behavior “any more” and that it had caused “home-life hardship.” He indicated that Virginia kept late hours playing cards and gambled her allowance away. Roland had asked Virginia to stop gambling and at one point had a priest intercede.
Although the parties had reconciled after the wife had left the domicile on various occasions over the years, Virginia refused to return home after February 24, 1980, despite her husband’s request that she do so. Roland’s testimony was corroborated by a twenty-year-old daughter who stated that the wife’s drinking and gambling caused the conflict between her parents.
We reject also the wife’s contention that because the husband ordered his wife, without cause, to leave the matrimonial domicile he is guilty of “constructive abandonment.” It is true that the husband testified that he had told his wife to discontinue her gambling and drinking or leave. The wife chose to leave rather than forego the disruptive behavior causing the marital strife between the parties. In the first place, cause existed for the husband’s ultimatum. In the second place, the wife was not ordered to leave the family home; she was entreated to discontinue her deleterious conduct. Under these circumstances, we find no “constructive abandonment.”
The record supports the judgment granting a separation to the husband. The judgment is affirmed.

AFFIRMED.

. The matter was set for hearing at 10:00 a. m. The court took up the case at 10:20 and the attorney for the wife apparently appeared shortly thereafter and cross examined the first witness, Roland Mongrue. The record is silent regarding the time that the wife’s attorney appeared.

. LSA-C.C.P. Art. 1601 provides that a continuance may be granted in any case if there is good ground therefor.