SCHOTT, Judge.
This is an appeal by the husband from a judgment in favor of his wife for a separation from bed and board. He initiated the proceedings with a petition for separation on the ground that she pointed a gun at him and threatened to kill him, forcing him to leave his home. She reconvened for a separation on the ground that after they borrowed $3,000 for the purpose of investing in a snowball stand, he refused to turn it over to her but instead used the money to buy a used car and thereafter left the matrimonial domicile.
At trial the husband testified: On June 25 he was dressing for work when his wife *718 grabbed him and yanked his shirt back and forth. They fought in the house and then in the yard; the three children jumped on him; she returned to the house and got his revolver, pointed it at him and threatened to kill him. She then called the police and wanted them to make him give her the $3,000 which they could not do, and after they left he got into his automobile and left never to return.
The wife testified: She and her husband agreed borrow the $3,000 for the purpose of investing in a snowball stand. After the loan was made he stated that he didn’t want the snowball stand, whereupon an argument ensued and he left. She never held a gun in her hand at anytime during this argument. Twenty-five minutes after her husband left he returned with a newly purchased used car and a change of clothes, and he remained home until June 28 when he left. She has never asked him to return.
A 17-year old daughter testified that she heard the argument between the parties on June 25, but her mother at no time held a gun on the husband. However, this witness also testified that he never spent any nights at the house after he left on June 25.
Finally, the next door neighbor testified that she heard the argument and saw the husband leave but never saw a weapon in the wife’s hand.
Although the trial judge gave no reason for judgment he necessarily concluded that the husband failed to prove his claim that the wife threatened him with a gun. We have no difficulty with this aspect of the case since the husband’s testimony on the point was flatly contradicted by the wife and two witnesses. The trial judge was apparently not persuaded by some vague evidence of a “citation” for threatening her husband with a gun and neither are we. Thus, we affirm that part of the judgment dismissing the husband’s suit.
However, with respect to that portion of the judgment awarding the wife a separation on her reconventional demand, we reverse. The only possible grounds which would support the judgment of separation are cruel treatment and abandonment under LSA C.C. Arts. 138(3) and (6) respectively. By the wife’s own admission, after the husband used the borrowed money to buy the car, he returned home for three days and she apparently acquiesced. We must conclude that she condoned his conduct, doubtfully “cruel treatment” in any case.
As to the abandonment, she was specifically asked how many times she asked him to return and she stated that she never did. One of the elements of proof of abandonment under C.C. Art. 143 is that the spouse “has constantly refused to return to live with the other.” This connotes that the allegedly abandoned spouse must want the other to return and that the separation was not mutually voluntary. Here, the wife’s own testimony provides a clear inference that she was satisfied with his departure.
Accordingly, that portion of the judgment awarding defendant Ernestine Magee a separation from bed and board on her reconventional demand is reversed and set aside, and her reconventional demand is dismissed. That portion of the judgment dismissing the main demand of plaintiff is affirmed. Costs in both courts are divided equally between the parties.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.