*60 ON MOTION TO DISMISS
GULOTTA, Judge.
Plaintiff-appellee, Lawrence C. Saunders, moves to dismiss the appeal filed by defendant-appellant, Elizabeth Budd Saunders, from a judgment of divorce on the ground that the appellant has not timely filed a suspensive appeal with sufficient bond or security. We deny the motion to dismiss.
From the decree of divorce rendered on July 7, 1981, the wife timely filed a petition for appeal on August 7, 1981. The trial judge granted an order for appeal on the same day, but no bond was set nor security furnished.
LSA-C.C.P. Art. 8942 provides for a thirty-day appeal period from a judgment granting a divorce and states that such appeal shall suspend the execution of the judgment insofar as it relates to the divorce.[1] This procedural article, however, makes no requirement that a “suspensive” appeal be taken or that bond or security be furnished; it merely states that the effect of the appeal is to suspend the execution of the judgment.
As pointed out in Post v. Post, 376 So.2d 1275 (La.App. 2d Cir. 1979), a devolutive appeal may be perfected without the filing of a bond, and, under LSA-C.C.P. Art. 3942, any appeal timely perfected from a judgment of separation suspends the execution of the judgment, whether it is called a suspensive or devolutive appeal. We are in agreement with our brothers on the Second Circuit that it is not necessary that the appellant post a suspensive appeal bond from judgments of separation, divorce or annulment.
For the foregoing reasons, we deny the motion to dismiss.
MOTION DENIED.

. LSA-C.C.P. Art. 3942 provides:
“Art. 3942. Appeal from judgment granting or refusing annulment, separation, or divorce.
An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3). Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”