ELLIS, Judge:
ON MOTION TO DISMISS
Judgment of divorce was signed in favor of plaintiff Herman Neil Young and against defendant Tommie Holleman Young on June 18, 1981, and notice of judgment mailed to defendant’s attorney on June 22, 1981. On July 15, 1981, after the seven-day delay provided in Article 1974 of the Code of Civil Procedure had elapsed, defendant filed an application for a new trial and moved for a suspensive appeal. The order for appeal was not signed at that time. The trial judge signed an order fixing a rule for a new trial for hearing on September 11, 1981, despite the fact that the application was not timely filed. This rule was continued without date on motion of defendant’s attorney, subsequently submitted on the record, and on October 1, 1981, apparently ex parte, a new trial was ordered. On October 7th, the court set a rule for a new trial of the original rule for a new trial. On October 22nd the October 1 judgment ordering a new trial was set aside, and the original rule for a new trial was set for a contradictory hearing. Finally, on November 25, 1981, judgment was rendered denying a new trial on the ground that the application was not timely filed.
On January 18, 1982, the trial judge signed the order appended to the motion for suspensive appeal which had been filed on July 15, 1981, fixing a bond of $5,000.00 for the appeal. The bond was filed on February 16, 1982.
Article 3942 of the Code of Civil Procedure provides:
“An appeal from a judgment granting or refusing an annulment of. marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).
“Such an appeal shall suspend "the execution of the judgment in so far as the *674 judgment relates to the annulment, separation, or divorce.”
Any appeal from a judgment of separation, divorce or annulment suspends the execution of the judgment. When an appeal is taken under Article 3942, a sus-pensive appeal bond is not required, despite the suspensive nature of the appeal. Rather, the .procedures for a devolutive appeal are followed, under which no bond is required. Post v. Post, 376 So.2d 1275 (La. App. 2nd Cir. 1979); Article 2124, Code of Civil Procedure.
In this case, the motion for appeal was timely filed, under Article 3942, supra, although the order for appeal was not signed within the prescribed delay. In Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981), the Supreme Court held:
“When an appellant timely files an order of appeal with the clerk of court, he has delivered it to a public official who has a duty to obtain the judge’s signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant. LSA-C.C.P. art. 2161 mandates that no appeal shall be dismissed unless the error or fault is imputable to the appellant. Therefore, no appeal shall be dismissed when the motion for appeal is filed timely but the order is not signed until after the delay has run.”
Applying the above rule to this case, we see that the proceedings surrounding the motion for a new trial are immaterial to the validity of the motion and order of appeal. The delay in signing is not imputable to the appellant, and the appeal must therefore be upheld.
The rule issued herein is therefore recalled, and the motion to dismiss is denied. All costs in connection with the motion shall be paid by plaintiff.
Rule recalled and motion denied.