422 So.2d 239 (1982)
Van Louis Tucker, Wife of Michael E. RYAN, Sr.
v.
Michael E. RYAN, Sr.
No. 13186.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
Application for Rehearing Dismissed December 9, 1982.
*240 Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for plaintiff-appellant.
Philip Montelepre, New Orleans, for defendant-appellee.
Before BYRNES, KLEES and WARD, JJ.
BYRNES, Judge.
This is an appeal from a judgment of the District Court finding mutual fault in a separation suit. We reverse.
The parties to this appeal have, to say the least, had a rocky relationship. They met in March of 1978, lived together for several months in 1979, married in May of 1980, separated in June of 1980, divorced in July of 1980, reconciled and remarried in January, 1981, and separated again in April, 1981. The grounds for this final separation, as alleged in Mrs. Ryan's petition, were Mr. Ryan's intemperance and mental cruelty. Mr. Ryan reconvened, alleging that Mrs. Ryan's refusal to honor an ante-nupitual agreement wherein the parties agreed to establish permanent residence in Tennessee, and her refusal to participate in sexual activity or perform household chores for him was the cause of the separation.
The case came to trial on October 29, 1981. Judgment was rendered on November 5, 1981 granting Mrs. Ryan a separation but finding the parties mutually at fault. Mrs. Ryan has appealed, contending that she was not at fault, or alternatively, that her fault was not of sufficient magnitude to justify a mutual fault separation. Mr. Ryan has not appealed or answered Mrs. Ryan's appeal and the judgment finding him at fault is therefore final. Vail v. Vail, 390 So.2d 978 (La.App. 2nd Cir.1980); Watson v. Watson, 372 So.2d 639 (La.App. 1st Cir.1979).
Civil Code Article 141 provides:
"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
To obtain a separation on a mutual fault basis each party must be guilty of conduct sufficient to constitute an independent ground for separation under Civil Code Article 138. Adams v. Adams, 389 So.2d 381 (La.1980); Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir.1980); Watson v. Watson, supra; Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir.1979); Saucier v. Saucier, 357 So.2d 1378 (La.App. 4th Cir.1978); Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978).
We find that the record does not provide adequate support for the trial judge's conclusion that there was mutual fault in this case.
The only evidence offered by Mr. Ryan to prove cruelty on Mrs. Ryan's part was his own uncorroborated testimony. This testimony was contradicted not only by Mrs. Ryan, but by Tina Fogg, Mrs. Ryan's daughter by a previous marriage, and by Peggy Childers, the manager of the apartment *241 complex where Mrs. Ryan lived during her second marriage to Mr. Ryan. Both of these witnesses testified that Mrs. Ryan was a good housekeeper and that she washed clothes for Mr. Ryan. Tina Fogg additionally testified that her mother was a good cook and prepared meals for Mr. Ryan. Mr. Ryan himself admitted at trial that Mrs. Ryan had never actually refused to cook for him.
A spouse seeking a separation from bed and board must prove his right to the separation by a preponderance of the evidence. Johnson v. Johnson, 296 So.2d 470 (La.App. 2nd Cir.1974) writ denied 300 So.2d 183 (La.). Meyerer v. Meyerer, 255 So.2d 367 (La.App. 1st Cir.1971), Ellois v. Ellois, 145 So.2nd 123 (La.App. 4th Cir. 1962). The uncorroborated testimony of one spouse is not sufficient to carry this burden of proof in the face of contradictory testimony by the other spouse when the credibility of neither is attacked. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976); Johnson v. Johnson, supra; Walker v. Walker, 159 So.2d 344 (La.App. 2nd Cir. 1963). This is particularly true where, as here, the contradictory testimony of the spouse is supported by that of other witnesses who are not parties to the suit. Bell v. Magee, 406 So.2d 717 at 718[1] (La.App. 4th Cir.1981). Mongrue v. Mongrue, 398 So.2d 1199 (La.App. 4th Cir.1981).
As pointed out above Mr. Ryan's testimony concerning Mrs. Ryan's alleged acts of cruelty was not only uncorroborated but was flatly contradicted by Mrs. Ryan and two witnesses. In addition there is no evidence in the record that Mrs. Ryan ever actually refused to move to Tennessee. In fact, prior to suit Mrs. Ryan had signed a written offer to purchase a home in Memphis. This deal fell through due to problems with the financing.
This leads us to the conclusion that the trial court was clearly wrong in finding mutual fault in this case since Mr. Ryan did not prove by a preponderance of the evidence that he had independent grounds for separation under C.C. Art. 138. Without such a showing a court may not grant a separation based on mutual fault. See Adams v. Adams, supra. We therefore reverse the judgment of the trial court and grant Mrs. Ryan a separation from bed and board based on Mr. Ryan's fault as proven at trial.
REVERSED AND RENDERED.